## ROBERTSON ET AL. *v.* COUNTY BOARD OF APPEALS FOR MONTGOMERY COUNTY ET AL.

[No. 183, October Term, 1955.]

*Decided May 10, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*J. Roy Thompson, Jr.,* with whom were *Robert C. Heeney* and *Robert S. Bourbon* on the brief, for appellants.

*Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson* and *Simpson & Simpson* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

The decision in this zoning case from Montgomery County turns on the function of the Circuit Court and its scope of review under the statute granting appeals from County Boards of Appeal in charter counties.

This is the second appeal in the case. The Montgomery County Board of Appeals first denied an application for a special exception to permit off-street parking on a tract of land zoned residential adjacent to a tract zoned commercial, on which it was proposed to build a shopping center. The applicants, the Walkers, who are the present individual appellees appealed to the Circuit Court for Montgomery County as permitted by Code (1951), 1955 Supp., Art. 25A, Sec. 5(V). Judge Woodward held that the Board had made incorrect findings of fact on two aspects of the matter and re-

manded the case for the taking of additional evidence on a third aspect. The protestants before the Board, who are the present appellants, took an appeal, claiming that the Circuit Court had exceeded its power under the appeal statute. We dismissed the appeal as premature, reserving the right to raise in any subsequent appeal from a final decision of the Circuit Court in the same proceedings any question sought to be raised in the first appeal. *Hayden v. Walker,* 208 Md. 114.

When the case went back to the Board, it assumed that it was bound by Judge Woodward's findings of fact on the two aspects of the case on which he ruled and acted on that assumption, hearing testimony on the third aspect only as the Circuit Court had ordered. It finally concluded that the Walkers had met the burden of proof imposed by the Montgomery County zoning ordinance upon an applicant for a special exception of showing the three essential prerequisites to the granting of such an exception, and granted a permit. On appeal from this decision to the Circuit Court, Judge Prescott, accepting Judge Woodward's prior decision as the law of the case, held that there was substantial evidence to support the decision of the Board on the question it decided after the remand, and affirmed. The protestants have appealed this final order. They claim here that the findings and decision of the Board in the first hearing were supported by substantial evidence and that the Circuit Court had no power to substitute its judgment on the facts for that of the Board and no power to remand the case for further testimony unless it found that the original order was not "in accordance with law", which it did not do. The appellees argue that the Circuit Court had the power to remand the case for the purpose of taking further testimony and that, in any event, the remand was not necessary because the Walkers had already met all the burdens of proof placed on them by the ordinance and were entitled to have the court rule to this effect, as a matter of law.

The Walkers own a four acre tract of land in Montgomery County between Goldsboro Road and Avalon Drive, which has been zoned commercial for about fifteen years. Immedi-

ately to the east, they own another tract containing a little less than three acres. This tract, and all of the rest of the immediate neighborhood, is zoned residential. Before January 1, 1954, the four acre tract would have been in itself large enough to accommodate the planned shopping center and the parking space required by the ordinance then in effect. The Walkers did not avail themselves of this tide in the affairs of men that taken at the flood might have led them on to fortune, but delayed until after the January 1, 1954, amendment of the zoning ordinance, which required three times as much off-street parking space as before, as well as a special exception for the use of residential land for off-street parking. Very soon after the ordinance went into effect, the Walkers applied to the County Board of Appeals for a special exception to use the three acre lot to the east of the commercially zoned lot for off-street parking in connection with a shopping center, and the proceedings which have been recited followed.

The Montgomery County zoning ordinance that went into effect January 1, 1954, by Sec. 176-26, provides as follows:

"a. A special exception may be granted when the Board finds from a preponderance of the evidence produced at the hearing that:

(1) The proposed use does not affect adversely the General Plan for the physical development of the District, as embodied in this chapter and in any Master Plan or portion thereof adopted by the Commission; and

(2) The proposed use will not affect adversely the health and safety of residents or workers in the area and will not be detrimental to the use or development of adjacent properties or the general neighborhood; and

(3) The standards set forth for each particular use for which a special exception may be granted have been met.

b. The applicant for a special exception shall have the

burden of proof, which shall include the burden of going forward with the evidence and the burden of persuasion on all questions of fact which are to be determined by the Board."

Sec. 176-28r of the ordinance provides that a special exception may be granted in a residential zone for off-street parking of automobiles:

"* * * upon a finding by the Board that said use will not constitute a nuisance because of traffic, noise or physical activity, provided that the applicable provisions of sec. 176-18 and the following requirements are complied with:

(1) No charge shall be made for the use of said parking space for the first hour.

(2) No service of any kind shall be extended to persons occupying vehicles in said parking space, nor shall such space be used for automobile service, repair or storage."

No question is raised in the case as to the compliance with the provisions of Sec. 176-18 or that any charge was to be made for parking service, or that any service was to be extended or repairs to be made in connection with the use of the parking spaces. The combined effect therefore of Sections 176-26 and 176-28r is that the Walkers, in order to be granted the special exception had the burden of persuading the Board from "a preponderance of the evidence produced at the hearing" that: (1) the proposed use would not adversely affect the General Plan for the development of the District; (2) that the proposed use would not adversely affect the health and safety of those in the neighborhood and would not be detrimental to the use or development of the general neighborhood; and (3) that the off-street parking of automobiles would not constitute a nuisance because of traffic, noise or physical activity.

The right of appeal from the decision of the County Board of Appeals is statutory. Code (1951), 1955 Supp., Art. 25A, Sec. 5(V), provides that any person aggrieved by a decision of the Board may appeal the decision "* * * to the circuit court for the county which shall have power to affirm the de-

cision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require."

Judge Woodward, in the first appeal to the circuit court, determined that the Walkers had not met the burden of proof laid upon them by the ordinance "* * * of showing by a preponderance of the evidence, that the proposed off-street parking area will not be a nuisance because of traffic." His consideration of the other statutory prerequisites in a careful analysis of all the evidence led him to find that "the great preponderance of evidence shows that the general plan for the development of the District would not be adversely affected by the use of the proposed off-street parking area" and that "the appellants showed by a preponderance of the evidence that the proposed use of the parking lot would not be a substantial detriment to the use or development of adjacent properties or the general neighborhood. * * * that there would be no adverse effect on the health of residents or workers." He remanded the case to the County Board of Appeals for the purpose of taking further evidence on the following questions: "Will the use of the proposed off-street parking lot constitute a nuisance because of:

1. Traffic?
2. Noise?
3. Physical activity?
4. Will a charge be made for the use of said parking space for the first hour?
5. Will service of any kind be extended to persons occupying vehicles in said parking space?
6. Will such space be used for automobile service, repair or storage?"

There is no contention that there is a right of appeal to the circuit court from a decision of the Board except by virtue of the Code provisions. It is not argued that the Legislature could not constitutionally restrict the scope of appellate review to questions of law, making binding and final determinations of fact by the administrative agency, nor is it urged that the right given the court to modify or reverse the

decision of the Board for errors of law is not legislative recognition of the inherent right of the courts to declare a Board's action arbitrary or capricious if based on no evidence or evidence which is not substantial. None of these contentions could be sustained in the face of the cases that firmly establish the law to the contrary. See *Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467, 473; and *Montgomery County v. Merlands Club,* 202 Md. 279. See also cases in the Supreme Court dealing with appeals from the Tax Court of the United States to the Circuit Courts of Appeal, where the statute granting the right of appeal is identical with that before us now, such as: *Helvering v. Rankin,* 295 U. S. 123, 131, 79 L. Ed. 1343, 1349; *Wilmington Trust Co. v. Helvering,* 316 U. S. 164, 167, 86 L. Ed. 1352, 1355; *Commissioner v. Scottish Amer. Investment Co.,* 323 U. S. 119, 124, 89 L. Ed. 113, 117; *John Kelley Co. v. Commissioner,* 326 U. S. 521, 527, *et seq.,* 90 L. Ed. 278. See also *The Supreme Court and Administrative Law, 1936-1940, Oppenheimer,* 5 Md. L. R. 231, 269. In *Montgomery County v. Merlands Club,* referred to above, we held, in dealing with the same statute as to appeals with which we are now dealing, that there was no substantial evidence on which the Board could have based its decision that a country club would adversely affect the neighborhood in which it was to be located, and held that the action of the Board, denying it the right to operate "* * * based on an incorrect legal premise and unsupported by substantial evidence, if any, was arbitrary and capricious in a legal sense, and so, invalid."

The appellants argue cogently and, we find, irresistibly that Judge Woodward's decision on the first appeal to the Circuit Court exceeded the power given the Court in two ways. First, he remanded the case without finding an error of law, and second, he substituted his judgment on the facts for that of the Board. Certainly, Judge Woodward did not find, or act on the assumption, that the action of the Board was not in accordance with law. This being so, the Court had no power either to modify or reverse the Board's action and so no power to remand the case for the taking of further

evidence. Not only did the Court fail to hold that the Board had not acted in' accordance with law but, in effect, held that it had and was right in denying the exception because it found, and specifically held, that the applicants for the special permit had not met the burden of proof of showing that the off-street parking use would not constitute a nuisance and so had failed to produce a legally essential element of their case. The reading of the record makes it abundantly clear that this holding was right. There was no more than a scintilla of evidence, if that, as to the effect of the use of the lot for parking. There was no real showing as to present traffic conditions or hazards on the neighboring streets or as to what effect the additional traffic would have, or that the noise and activity would not violate the statutory test. Since the applicants, the present appellees, failed to meet this essential prerequisite of the statute, the Board's decision denying their application was correct, and on the record before the Circuit Court, an affirmance of its decision was required.

The appellees urge that Judge Woodward's action in holding that the Board reached the wrong conclusion as to the adverse effect on the general plan of the District and the adverse effect on the neighboring properties and citizens amounted to a finding that the Board acted without substantial evidence to support its conclusions. The difficulty with this is that Judge Woodward did not purport to make any such finding and a reading of his opinion leaves no doubt that he was, in effect, saying and holding merely that he thought that the Board had made the wrong finding of fact and that his conclusion on the same evidence was to the contrary. This clearly the Court could not do, under the statute under which it was acting particularly. We pointed out in *Montgomery County v. Merlands Club, supra,* that "* * * we do not substitute our judicial judgment for the judgment of the administrative authority acting within its powers." The Supreme Court has emphasized the same point in the cases arising under appeals from the Tax Court, where the statute authorizing the appeal is identical, as we have noted, with that controlling this case. In *Wilmington Trust*

*Co. v. Helvering, supra,* it said: "The court may not substitute its view of the facts for that of the Board. Where the findings of the Board are supported by substantial evidence they are conclusive. * * * Under the statute, the court may modify or reverse the decision of the Board only if it is 'not in accordance with law.' " In *Commissioner v. Scottish Amer. Investment Co., supra,* the Court compared situations where there is not and where there is substantial basis of fact for the action of the Board, saying that where there is not, "* * * the appellate court may then indulge in making its own inferences and conclusions or it may remand the case to the Tax Court for further appropriate proceedings", and where there is such a basis, "* * * the process of judicial review is at an end."

The appellees' further argument that there was sufficient evidence in the record before Judge Woodward to permit him to determine as a matter of law that they had met the burden of proof as to all three prerequisites for the granting of the special exception cannot stand. They urge that when they showed, as Judge Woodward found they had, that there would be no adverse effect either on the general plan of the District or the use or development of the neighboring properties, or on the health or safety of the residents or workers in the neighborhood, they necessarily showed that the use of the property for off-street parking would not constitute a nuisance. There are two fatal weaknesses in the argument. First, the Circuit Court was without power to make the findings it did on the basis of a substitution of its judgment on the facts for that of the Board and the only valid findings on the points—those of the Board—were that there would be adverse effects on the District and the neighborhood. Second, the ordinance shows that a finding as to no adverse effect as to safety and health does not include, or necessarily require, a finding that no nuisance in the legal sense would be created from the operations of the off-street parking facilities. The ordinance requires an applicant, by a preponderance of the evidence produced at the hearing, to persuade the Board of the specific presence of each of the three prerequisites it imposes.

Nothing that has been said or decided in this opinion is to be taken as suggesting that the final decision of the Board, granting the special exception, was not fully justified by the record before it. We are not passing upon that question and we cannot give effect to the final decision of the Board because its only independent finding as to the question of adverse effect on the District and the neighborhood was that which it made after the first hearing. Its finding to the contrary after the second hearing was imposed upon it by the Circuit Court's erroneous decision. Since, as we have said, Judge Woodward was right in holding that the Walkers had not met the burden of proof of showing no nuisance from the operation of the off-street parking facilities, the Board should have been affirmed on the original appeal to the Circuit Court for then, in such case, as the Supreme Court said: "* * * the process of judicial review is at an end." This being so, the order of the Circuit Court affirming the decision of the Board in granting the special exception must be, and is, reversed.

*Order reversed, with costs.*