MONTGOMERY COUNTY COUNCIL *v.* KASLOW ET AL.

[No. 394, September Term, 1963.]

46

*Decided May 8, 1964.*

*Motion for rehearing filed May 21, 1964, denied June 8, 1964, and opinion modified.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Robert G. Tobin, Jr., County Attorney for Montgomery County,* and *Richard J. Sincoff, Assistant County Attorney,* for the appellant.

*David Macdonald* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

On May 28, 1963, a month after a public hearing, the County Council of Montgomery County, functioning in the re-zoning of an individual property, not in its ordinary legislative capacity but as a special statutory "District Council," adopted motions by a five to one vote that the County Attorney prepare an opinion and resolution for it to finally adopt at a later meeting granting applications for the rezoning of some one hundred acres of land (at Muddy Branch and Fields Roads about four miles from Rockville) from R. R. (rural residential) to R. 90 (9000 square feet lots, single family occupancy) as to forty-six acres, and to R. 20 or R. 30 (medium or low density apartment use) as to the remainder.

The opinion which the County Attorney prepared in obedience to the Council's direction said that (a) the Council disagreed with the view of the Planning Board that there should be no reclassification; (b) the master plan for the area was inadequate in not taking into account the inevitable population increase; (c) sewerage, roads and educational facilities were all fully adequate; and (d) "the property itself is ideal for the reclassifications proposed."

On June 4 the Council, at a regular meeting, deferred final action on the opinion and resolution which the County Attorney had presented to it. On June 11 the Council, again by a five to one vote, adopted a motion which instructed the At-

torney to draft an opinion and resolution denying the requested reclassifications. The opinion was prepared and it and the conforming resolution were finally adopted by a six to one vote of the Council on June 18, 1963. The adopted opinion said in essence that (a) the Planning Board had recommended denial of the application; (b) the master plan anticipated an influx of some forty thousand people into the area; (c) the proposed change would (seemingly undesirably) intensify the influx; (d) "there seems to be no immediate need for a change in the Plan to satisfy the needs of the employment centers which are springing up in this locale"; and (e) the Plan is only two years old and "no change or mistake has been shown by the applicant."

The amended petition of the applicants in their appeal to the Circuit Court from the June 18th action of the Council recited the matters detailed above, charged arbitrary, discriminatory, capricious and illegal actions by the Council, claimed that the record contained conclusive evidence of great change in the neighborhood and alleged that the actions of the Council were illegal for the further reasons that "they were not based on the evidence of record as required by the Zoning Ordinance for the Maryland-Washington Regional District for Montgomery County, and as required by law. On the contrary, said decisions were based upon reasons and considerations outside the record and for which there was no support in the record, and appellants were afforded no opportunity to refute the same."

The facts set out in support of the quoted allegations were: (1) that the President of the Council, the only one of its members who had voted on May 28 to deny the applications, did on June 4 (the day the applications normally would have been approved finally) lunch with an active real estate owner and developer of large holdings in the County and discuss the applications, instead of lunching with the other Council members and the Director of the National Capital Transportation Agency as he was scheduled to do; (2) at the meeting of the Council on the afternoon of June 4, final action on the applications was "deferred until next week" without explanation, "the real reason being to afford [the real estate owner-developer] an opportunity to convince the Council members that

their original decision, after all the evidence was in and the record was closed, was erroneous"; (3) that on the days following the luncheon, the owner-developer telephoned other members of the Council, telling them of his opposition to the proposed rezoning because it would hurt his holdings nearby (34 acres of which were in the R. 10, high density apartment use, classification), and also telling one Council member that he had "information" that the applicants were making "pay-offs" to obtain the rezoning and it would be risky for any member to vote for the rezoning lest he be accused of accepting a bribe; (4) that the charge of "pay-offs" was unfounded and false and intended to induce a vote against the rezoning; (5) that the owner-developer attended the June 11 meeting and did not leave until after the vote to deny the rezoning; (6) after adoption of the final resolutions denying the applications, the owner-developer attempted to buy the land in question.

The applicants for rezoning, the appellants in the Circuit Court, filed a notice to take the depositions of the members of the County Council, pursuant to Md. Rule 405a. The Montgomery County Council filed a motion to protect under Md. Rule 406a, claiming that the District Council sits in zoning matters in a legislative capacity and as legislators the members "are not subject to inquiry by deposition as to matters related to the appeal now before this Court."

After hearing argument, Judges Pugh and Moorman denied the motion to protect and ordered that the depositions of the seven members of the Council (and of an eighth person who has not appealed) be taken in open court. This appeal from that action of the Circuit Court followed.

The applicants for the rezoning, the appellees in this Court, moved to dismiss the appeal on the ground that it was from an interlocutory order which was not appealable. The Montgomery County Council, the appellant, contends the order was sufficiently final to be appealable because if the appeal is rejected as premature, the Council members will be forced to testify and the question of their freedom as legislators from questioning as to their motives or reasons for acting or not acting will be moot and "the mischief sought to be avoided al-

ready will have occurred, and there then will be no question preserved for later appeal."

We reserved decision on the motion to dismiss until after argument on the merits. Our view now is that the motion should be granted. As was said in *Alford v. Commissioner,* 227 Md. 45:

> "Ordinarily, an order granting or denying discovery does not finally determine the rights of any party and, therefore, no appeal lies from such an order unless it is tantamount to a denial of the means of further prosecuting the case. *Barnes v. Lednum,* 197 Md. 398, 406, 79 A. 2d 520 (denial of discovery); *Hallman v. Gross,* 190 Md. 563, 577-578, 59 A. 2d 304 (granting of discovery); *Purdum v. Lilly,* 182 Md. 612, 620-622, 35 A. 2d 805 (order denying discovery which precluded successful prosecution of suit). * * * If, after the case is tried, there should be an appeal from the final judgment, these interlocutory orders could then be brought up for review [see Md. Rule 887]."

Montgomery County argues that the appeal is allowable under the rationale of the cases of *Montgomery County v. Walker,* 228 Md. 574, and *Eastern States Corporation v. Eisler,* 181 Md. 526. In *Walker* the lower court ordered a member of the County Board of Appeals to cast a vote in a zoning appeal in which he felt disqualified. We held that the order was appealable because, in effect, it disposed of the case. If the appeal had been rejected as premature, the member would have had to vote, and the matter would become moot. The Court said (p. 578):

> "With the disputed act accomplished, it would then be too late to cure the mischief and prejudice that appellant alleges would result from his vote. Likewise, the question as to the effect of a tie vote can only properly be answered now, since a vote by all members of the Board on the merits cannot result in a tie vote. Both of these issues have been decided finally below

and are distinct from the merits of the underlying controversy and this appeal can therefore be distinguished from the appeals which were dismissed in the cases cited by appellees * * *."

In the case before us, the depositions of the members of the Council may or may not reveal or lead to matters which affect or control the decision on the merits of the principal controversy — whether the Council's final action was based on or significantly influenced by matters outside the record. In an appeal from the decision on the merits, the correctness of the lower court's actions as to the depositions could be determined. We do not find the *Walker* case controlling.

In *Eastern States* this Court permitted an appeal from an order granting discovery because the lower court was without jurisdiction to pass the order at the time it passed it, drawing a distinction, on the one hand, between a case wherein the correctness or wisdom of the lower court's order is the issue, where no immediate appeal will lie, and, on the other, a case wherein the lack of power of the lower court to pass the order at all is the issue, where an early appeal will be entertained.

In the case at bar we think the lower court had the power to pass the order that the members of the zoning body must give their depositions. The Montgomery County Code (1960), under the title "Zoning," sub-title "County Board of Appeals —Action by district council—Generally," provides in Sec. 104-40 (a) : "An application for a map amendment shall be decided on the basis of the evidence of record."

In *Hedin v. Bd. of Co. Commissioners,* 209 Md. 224, 236, the County Commissioners of Prince George's County, acting as a District Council, refused a request to reclassify land for low density apartment use. The Circuit Court affirmed. In reversing and remanding, this Court, speaking through Chief Judge Brune, said:

"We think * * * that the Board's action in basing its decision apparently almost entirely upon the personal opinion of one of its members, without support for that opinion in the evidence, amounted to arbitrary action on the part of the Board, from which some form of relief may be had in equity."

In *Temmink v. Bd. of Zoning Appeals,* 205 Md. 489, the Board in large measure based its decision on a report of the planning commission which had not been produced at a hearing. We reversed the Circuit Court and sent the case back for remand to the Board for introduction of the report in evidence, for the production of further evidence, and the opportunity to exercise the right of cross-examination, saying (p. 497): "It must be kept in mind that the personal knowledge of the members of the Board or of some other officials upon whom they rely cannot be considered as evidence as to a change in conditions in a neighborhood or a need for reclassification." See also *Duncan v. McNitt Coal Co.,* 212 Md. 386, 398.

The statute governing appeals from the District Council to the Circuit Court for Montgomery County, Montgomery County Code (1960), Sec. 72-85, says that upon appeal by any person aggrieved by the decision of the Council on any application for a map amendment, the court "shall have power to affirm the decision of the district council or, if such decision is not in accordance with the law, to reverse such decision, with or without remanding the case for rehearing, as justice may require."

If the District Council denied the rezoning sought by the appellees on the basis, to any meaningful extent, of evidence not before it of record, the decision would not be in accordance with law.

Ordinarily the Circuit Court for Montgomery County in an appeal from the action of the District Council under Sec. 72-85 would not have the power to hear or consider evidence not of record before the Council. Sec. 72-85 of the County Code does not contemplate the taking or consideration of additional testimony.[1] In *Prince George's County v. Donohoe,* 220 Md. 362, 371, the lower court had taken extensive additional testimony in a zoning appeal. This Court reversed, saying that the Circuit Court had acted "in a manner not authorized by statute"

---

1. Under the Montgomery County Code (1960), Secs. 104-35, 104-36 and 104-39, a stenographic transcript is taken and a record of maps, exhibits and testimony is kept and this record is transmitted to the Circuit Court if an appeal is noted.

and concluding that "the disregard of the statutory limitation upon taking testimony in court on reviewing zoning action by the Council requires a reversal of the decree * * *."

Nevertheless, it seems inescapable that if an appellant from zoning action by the Council persuades the Circuit Court for Montgomery County that there were, in fact, or in all likelihood, factors present, not of record, which influenced the action of the Council complained of, the court, in performing its statutory duty of determining whether the decision below was "in accordance with the law," has the power to inquire into the matters dehors the record and may do so, we think by utilizing the discovery processes. In our opinion, the orders appealed from were within the power of the court to make and were interlocutory and not the subject of immediate appeal. The motion to dismiss the appeal will be granted.

In thus disposing of this appeal, we are not to be understood or taken as fully deciding or finally passing upon the fundamental issue sought to be presented for decision by the parties. Montgomery County says that "case law, textwriters and considerations of sound public policy support the principle that legislators are not subject to judicial inquiry into the motives, thought processes and reasons for their legislative acts." The appellees here, the applicants below, contend that to the contrary, "in Maryland, the court will inquire into the reasons of the zoning board in cases involving the rezoning of individual properties where it appears that the zoning board was improperly influenced and its decision was a fraud on the applicant," claiming that this view is supported by *Benner v. Tribbit,* 190 Md. 6, 22-23. In that case Town Commissioners testified as to their reasons for refusing a permit for a filling station (most of their constituents were opposed to it), and this Court reversed for the reason that their official action was arbitrary and capricious. Judge Markell said for the Court:

"The facts in the instant case present no problem regarding the feasibility of ascertaining the reasons for action by a large legislative body, or the right to compel one or many legislative or administrative officials to testify as to their reasons. * * * In the instant

54

case both members of a legislative, executive and administrative body of two (there being one vacancy) repeatedly discussed the matter over a period of seven weeks before action, stated (or so the jury might find) their reason immediately after action, fully stated their alleged additional reasons in their answer, and testified at length on the subject, as witnesses on their own behalf. We think the evidence (including cross-examination of defendants) was competent, pertinent and (as we have said) legally sufficient."

We hold no more than that the Circuit Court, in deciding under Sec. 72-85 of the Montgomery County Code (1960) whether the decision of the District Council was "in accordance with the law" may determine whether the action of the Council was controlled or materially influenced by factors or matters not in the record before it and in making this determination properly may make an order requiring the giving of depositions by the members of the zoning body, and that such an order is interlocutory. Neither the extent to which the principle of legislative immunity to judicial questioning, contended for by Montgomery County, goes nor the extent of applicability of the rule of *Benner v. Tribbit, supra* (as decided, or as extended), for which the applicants argue, need now be decided. Whether the lower court errs or abuses its discretion as to the questioning permitted can be decided when an appeal on the merits reaches us, if it does.

*Appeal dismissed, with costs.*