PRICE ET AL. *v.* ORRISON t/a Suburban Appliances and ORRISON.

[No. 277, September Term, 1970.]

*Decided February 8, 1971.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Fred R. Joseph,* with whom were *Karl G. Feissner, William L. Kaplan, Thomas P. Smith* and *Andrew E. Greenwald* on the brief, for George L. Price and others, part of appellants and *James F. Vance,* in proper person, with whom was *William J. Avrutis,* in proper person, on the brief.

*Arthur Dale Leach* for appellee.

DIGGES, J., delivered the opinion of the Court.

A former president, an attorney and eighteen other members of the Oxon Hill Vista Citizens Association have appealed from an order of the Circuit Court for Prince George's County (Parker, J.) which denied their several motions to prevent the taking of depositions in aid of execution upon a judgment obtained only against the citizens association. None of the members except the appellant Price, who was exonerated by the jury of any liability, were parties to the slander action which resulted in that judgment. Their motions were "denied for failure to comply with the rules," or so read the notation written on their proposed order to protect party and deponent and to quash the summonses. The summonses, which were issued under Maryland Rules 401 and 403-415 as authorized by Rule 627, directed them to appear at a local attorney's office for twenty examinations at fifteen minute intervals on July 24, 1970. We think that this appeal is premature and must be dismissed.

We view Judge Parker's order as interlocutory in nature and not falling within one of the statutory categories of appealable non-final orders. Code (1957, 1968 Repl. Vol., 1970 Cum. Supp.) Art. 5, §§ 1A and 7. In *Kardy v. Shook, J.,* 237 Md. 524, 534, 207 A. 2d 83 (1965) we held that "[o]rdinarily (and certainly in the absence of exceptional circumstances), an order of the trial court permitting the taking of pre-trial depositions is an interlocutory one, and not appealable. *Montgomery Co. Coun. v. Kaslow,* 235 Md. 45. *Cf. Lee v. State,* 161 Md.

430; *State v. Haas,* 188 Md. 63." We can perceive no reason why these orders should be any more final just because the discovery rules are now available for supplementary post-trial proceedings under Rule 627 in aid of execution on a judgment. See *U. O. Colson Co. v. Goff,* 204 Md. 160, 102 A. 2d 548 (1954) which brought about the adoption of Rule 627. The fact that most of the appellants are witnesses does not improve their status on appeal from an interlocutory order. *Montgomery Co. Coun. v. Kaslow, supra;* 4 C.J.S., *Appeal and Error,* § 120 (e). We note that even when an order such as this has become final it ordinarily would be subject to review on the appellate level only on the basis of the trial judge's abuse of discretion. *Cf. Barnes v. Lednum,* 197 Md. 398, 79 A. 2d 520 (1951).

While it is necessary to grant the appellees' motion to dismiss, we observe that there is no reason to comply with the alternative examination procedures set forth in Rule 628 when the judgment creditor has elected, as he is authorized to do by Rule 627, to obtain the desired information through the listed discovery and deposition sections of Chapter 400 of the Maryland Rules. If on remand the appellees seek further depositions under Rule 405 the appellants can seasonably request the court to determine under Rule 406 whether it is necessary to depose any one other than the officers of the citizens association. The trial judge may also exert control over the time and manner of the inquiry. Rule 406 a (2) and (3).

*Appeal dismissed. Costs to be paid by the appellants.*