## COHEN ET AL. *v.* WILLETT ET AL.

[No. 292, September Term, 1972.]

*Decided May 30, 1973.*

The cause was argued before BARNES, McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Howard J. Thomas,* with whom were *Bradshaw, Thomas*

& *Yeatman* on the brief, for Jack C. Cohen et al., part of appellants. *H. Christopher Malone, Assistant County Attorney*, with whom were *Richard S. McKernon, County Attorney*, and *Alfred H. Carter, Deputy County Attorney*, on the brief, for other appellant.

*David I. Abse* for appellees.

SINGLEY, J., delivered the opinion of the Court.

The appellants, Jack C. Cohen and Maurice Lipnick, sought and received from the Board of Appeals for Montgomery County a special exception under §§ 111-9 (b), 111-10 (b) and 111-37 q—2 of the Montgomery County Zoning Ordinance (1958) in order that they might construct and operate a care home of 181 units on a 3.9 acre tract zoned R-60 (one family, detached residential, 6,000 square feet lots) in Silver Spring.[1] John H. Willett and others, owners of neighboring properties, took an appeal to the Circuit Court for Montgomery County. From an order of that court remanding the case to the County Board of Appeals for additional consideration, this appeal was taken.

While the parties state them somewhat differently, the case presents two issues: First, was the order sufficiently final in character to be the subject of an appeal to this Court? Second, did the lower court have the power to remand the case for additional consideration, where there was no finding that the Board of Appeals had not acted in accordance with law?

Where the issue on appeal is not the wisdom or correctness of an order, but rather whether the lower court had power to pass an order, an early appeal will lie, *Montgomery County Council v. Kaslow*, 235 Md. 45, 51, 200 A. 2d 184 (1964); *Eastern States Corp. v. Eisler*, 181 Md. 526, 535, 30 A. 2d 867 (1943).

The cases on which the appellees rely in support of their

---

1. Montgomery County Code (1965) § 111-2 defines care home as "A home which provides board, shelter and personal services in a protective environment for persons not gainfully employed, not including a 'child care home'."

contention that the order entered below was not finally dispositive of the appellants' rights, and therefore not appealable, are readily distinguishable. *Hayden v. Walker*, 208 Md. 114, 117 A. 2d 109 (1955) dealt with a remand for the taking of additional testimony, yet the holding in that case was substantially attenuated in the second appeal, *Robertson v. Board of Appeals*, 210 Md. 190, 196-97, 122 A. 2d 751 (1956). *Nuova Realty Co. v. City of Baltimore*, 197 Md. 266, 78 A. 2d 765 (1951) was concerned with a remand for a full hearing. It will be remembered that here, the case was "remanded . . . for additional consideration."

This discussion leads naturally to a consideration of the question whether the lower court had the power to pass the order, and we have not the slightest doubt that it did not. Montgomery County Code (1965) § 2-92 which regulates appeals from the Board of Appeals, provides in part:

> "Any decision by the county board of appeals may, within thirty days after the decision is rendered, be appealed by any person aggrieved by the decision of the board and a party to the proceeding before it, to the circuit court for the county which shall have power to affirm the decision of the board, or *if such decision is not in accordance with law*, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require." [2] (Emphasis supplied)

In *Robertson v. Board of Appeals, supra*, 210 Md. at 196, we held that the Circuit Court for Montgomery County exceeded its powers when it remanded a case to the Board of Appeals for the taking of further evidence without finding that the action of the Board was not in accordance with law, and we regard that principle controlling here, where there was similarly no finding. *See also Jobar Corp. v. Rodgers Forge*, 236 Md. 106, 132, 202 A. 2d 612 (1964).

In consequence, we do not propose to dismiss the appeal,

---

**2.** This language is derived from the Express Powers Act, Maryland Code (1957, 1973 Repl. Vol.) Art. 25A, § 5 (U).

but shall reverse the order which was entered, and remand the case to the circuit court for reconsideration. On remand, that court will make its determination under the familiar guidelines, nowhere more succinctly stated than in *Jobar, supra,* 236 Md. at 120:

> "We have stated time after time that it is not the function of the courts to zone or rezone, and the courts will not substitute their judgements for that of the expertise of the zoning officials. It is only where there is no room for reasonable debate or where the record is devoid of substantial, supporting facts that the courts are justified in reversing a decision of the Board, or declaring its actions arbitrary or capricious."

In the same vein, Judge Barnes, speaking for the Court in *Eger v. Stone,* 253 Md. 533, at 542, 253 A. 2d 372 (1969), which dealt with the denial of a special exception by the Montgomery County Board of Appeals, said:

> "We have made it quite clear that if the issue before the administrative body is 'fairly debatable', that is, that its determination involved testimony from which a reasonable man could come to different conclusions, the courts will not substitute their judgment for that of the administrative body, in the absence of an unconstitutional taking of private property for public use without the payment of just compensation [citing cases].
>
> "This rule will be adhered to even if we were of the opinion that the administrative body came to a conclusion we probably would not have reached on the evidence."

Because the lower court appears to have been motivated in part by the September, 1971 amendment of Montgomery County Code § 111-30 (d) which changed the law so that four affirmative votes of members of the Board of Appeals are now required for the granting of a special exception, instead of a simple majority of those participating, on remand the

198

court will also wish to consider our decision in *Luxmanor Citizens Ass'n v. Burkart*, 266 Md. 631, 644-46, 296 A. 2d 403 (1972), which held that this was a procedural change, applicable only to special exceptions sought after its enactment.

> *Order reversed, case remanded for further consideration in light of the views here expressed; costs to abide the result.*