## NORTHAMPTON CORPORATION *v.* PRINCE GEORGE'S COUNTY, MARYLAND

[No. 114, September Term, 1974.]

*Decided November 13, 1974.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.

*Russell W. Shipley*, with whom was *William E. Knight* on the brief, for appellant.

*Ellis J. Koch, Associate County Attorney*, with whom was *Joseph S. Casula, County Attorney*, on the brief, for appellee.

*Amicus Curiae* brief filed by Maryland-National Capital Park and Planning Commission, *Robert H. Levan* and *Sanford E. Wool* on the brief.

SINGLEY, J., delivered the opinion of the Court.

This is a rare and unusual specimen — a zoning case the result of which turns primarily on a procedural issue rather than upon the facts.

In January, 1971, Northampton Corporation (Northampton), the owner of two adjacent parcels of land in Prince George's County (the County) containing approximately 28 acres, filed with the County council, sitting as the district council, an application for a reclassification of Northampton's land from the R-R (Rural Residential) zone to the I-1 (Light Industrial) zone.

The Technical Staff of the Maryland National Capital Park and Planning Commission (the Commission) recommended the granting of Northampton's request, an action concurred in by the Commission's Prince George's County Planning Board. The County's zoning hearing

examiner,[1] after conducting a hearing at which no protestants appeared, recommended that the requested rezoning be granted. The rezoning failed of passage by the district council by four negative and three affirmative votes,[2] four members being absent, and remained dormant for 90 days after it had first been considered, with the consequence that under Prince George's County, Md., Code of Ordinances and Resolutions § 30.4 (1967), the inaction became the equivalent of a denial.

Northampton, alleging in essence that the district council's failure to act on the case was arbitrary and capricious, entered an appeal to the Circuit Court for Prince George's County, which affirmed. Northampton then appealed to the Court of Special Appeals, which vacated the judgment of the circuit court and remanded the case to that court for further proceedings. We granted certiorari for the reason that we perceived that the decision of the Court of Special Appeals might well be at variance with the holding of this Court in *Prince George's County v. Maryland-Nat'l Cap.*, 269 Md. 202, 306 A. 2d 223, *cert. denied*, 414 U. S. 1068 (1973) (the Charter Case), which has been followed in *Biggs v. Maryland-Nat'l Cap. P. & P. Comm'n*, 269 Md. 352, 354, 306 A. 2d 220, 222 (1973) and *Logan v. Town of Somerset*, 271 Md. 42, 55, 314 A. 2d 436, 443 (1974).

In the Charter Case, *supra*, 269 Md. at 223-25, we held that Chapter 780 of the Laws of 1959, as amended, Prince George's County, Md., Code of Public Local Laws §§ 59-61 through 59-105 (1963) (the Regional District Act), was a public general law, and as a result could not be amended or superseded by the Prince George's County Charter which had been adopted by the voters on 3 November 1970, and

---

1. See Prince George's County, Md., Code of Ordinances and Resolutions § 31 A.O (1967); Prince George's County Charter art. VII, §§ 710, 711.
2. Prince George's County, Md., Code of Public Local Laws § 59-83 (a) (1963) requires four affirmative votes for a map amendment. Prince George's County Charter art. VII, § 707 (d) requires a majority vote of the full council. However, if the application conflicts with a master plan, or the recommendations of a municipality or of an agency charged with making recommendations, § 707 (e) requires the affirmative vote of two-thirds of the full council.

became effective on 8 February 1971. In furtherance of this holding, we said that any provision of the Charter relating to planning or zoning which is at variance with the Regional District Act is inoperative in that portion of the County which lies within the regional district, because the grant of zoning and planning powers to chartered counties by the Express Powers Act, Maryland Code (1957, 1973 Repl. Vol.) Art. 25A, enacted in pursuance of Md. Const. Art. XI-A (the Home Rule Amendment), is made specifically inapplicable to the Maryland-Washington Regional District by § 2 of Chapter 614 of the Laws of 1959, now Code (1957, 1973 Repl. Vol.) Art. 25A, § 5 (X). As a consequence, in that portion of the County which lies in the regional district, the County council's zoning and planning powers are those granted by the Regional District Act and not those granted by the Charter.

As Judge Barnes, for the Court, noted in the Charter Case, *supra*, 269 Md. at 226:

"Thus, the Charter, adopted pursuant to the provisions of the Express Powers Act and Article XI-A of the Constitution of Maryland, is not 'applicable' to the provisions of Chapter 780. This does not mean that the provisions of the Charter are invalid or illegal. They are effective in those portions, if any, of Prince George's County not included in the Regional District. The County's remedy in this regard is not with the Courts, but with the General Assembly."

The Court of Special Appeals seems to have found persuasive the notion that after Chapter 898 of the Laws of 1965 had added new §§ 59-102 through 59-105 to the Regional District Act, when Chapter 426 of the Laws of 1966 made it clear that these sections were applicable only to Prince George's County, these provisions took on the character of a public local law, and as such were impliedly repealed by Article XI, § 1102 of the Charter [3] upon its

---

3. Section 1102 provides:
"The Public Local Laws of Prince George's County and all rules,

adoption because they were in conflict with Article VII of the Charter.

It seems to us that this (i) misreads our opinion in the Charter Case, *supra*, which contains a flat holding that the Regional District Act is a public general law because it is applicable to more than one county; (ii) overlooks the specific denial of zoning and planning powers contained in Code (1957, 1973 Repl. Vol.) Art. 25A, § 5 (X), and (iii) ignores the fact that Chapter 426 of the Laws of 1966, while applicable only to Prince George's County in § 59-102 to § 59-105, nevertheless was an amendment to the Regional District Act, which was and is a public general law.

Again, quoting from the opinion in the Charter Case, *supra*, 269 Md. at 230:

"Here again, the County confuses local functions and responsibilities with local laws. Chapter 780, a public general law, does provide for *local functions* and does impose *local responsibilities;* but, as we have already indicated, such provisions do not change Chapter 780 from a *public general law* to a *public local law*, and make the Planning Boards subject to the Charter and local regulations. Chapter 780 is by no means unique in its application of a public general law to local situations." (Emphasis in original.)

A result of the conclusion reached by the Court of Special Appeals was the determination that the procedure before the district council was controlled by Article VII, § 707 (a) of the County's Charter:

"The final decision of the Council in any zoning case

---

regulations, resolutions, and ordinances of the County Commissioners in force at the time of the effective date of this Charter are hereby repealed to the extent that they are inconsistent with the provisions of this Charter, but *no further;* and to the extent that they are not hereby repealed because of such inconsistency, all such public local laws, rules, regulations, resolutions, and ordinances shall continue in full force and effect until repealed or amended."

shall be based solely upon record evidence, and shall be supported by specific written findings of basic facts and conclusions of law."

This led to the decision to remand the case to the circuit court for the formulation of such findings and conclusions.

Under our view of the case, the proper procedure was that mandated by § 59-104 of the Regional District Act:

"In Prince George's County, no application for a map amendment or special exception, *which is contested*, shall be granted or denied except upon written findings of basic facts and written conclusions." (Emphasis supplied.)

The trial court, which concluded that the latter provision was applicable to the case, noted that there was no opposition to Northampton's request at the hearing before the zoning hearing examiner. A letter from Mrs. Lem Woo had been received and placed in the file, but Mrs. Woo did not appear at the hearing. The hearing examiner regarded the letter as a "position letter," however, in preparing his report.[4]

The trial court seemingly viewed this as an uncontested case — because Mrs. Woo, by failing to appear at the hearing, could not be cross-examined, *see* Prince George's County, Md., Code of Public Local Laws § 59-103 (1963) and *Birckhead v. Board of County Comm'rs*, 260 Md. 594, 599,

---

4. Mrs. Woo's letter of 23 June 1972 to the hearing examiner said:

"This is to let you know of my position in the above cases #8563 and #8564.

"I am greatly opposed to any rezoning especially any types of trucks, parking, lumber, or warehousing mainly because there is an elementary school in that area.

"The idea of having trucks in this particular area would be a hazard to the children and to the school buses.

"I would like to be informed of the outcome of this hearing."

On 24 October 1972, in a letter addressed to the district council she said:

"I would like to request an oral argument on the above cases.

"Please notify me of the time, place, and procedure of the hearing."

273 A. 2d 133, 136 (1971), and *compare Hertelendy v. Montgomery County,* 245 Md. 554, 567-68, 226 A. 2d 672, 680 (1967) *with Brymiarski v. Montgomery County,* 247 Md. 137, 148, 230 A. 2d 289, 296-97 (1967). A more compelling reason why this might not be a contested case is the implication in the County's zoning ordinance that only a party present at the original hearing may contest a recommendation before the district council. *See* Prince George's County, Md., Code of Ordinances and Resolutions § 30.41 A (b) (1967); *Wagner v. Board of County Comm'rs,* 263 Md. 560, 566-68, 284 A. 2d 5, 8-9 (1971) (dealing with a special exception under Ordinances and Resolutions § 28.16 A (b)).

While Mrs. Woo did not attend the original hearing, there is an intimation that she may have been present at the first council hearing on 13 December 1972, of which she had received notice, advising her that oral argument would be permitted, but that no additional testimony would be taken. Even assuming that the case was contested, it is apparent, as both Northampton and the County concede in their briefs, and as the Court of Special Appeals held, that there was neither a granting nor a denial by the district court of the requested rezoning because the thrust of § 30.4 of the County's Ordinances and Resolutions, which provides in part:

"Deferred applications, upon which no decision is rendered within ninety (90) days of the date of deferral, shall be considered denied." [5]

meant that there was an automatic denial by operation of law, on 13 March 1973, when 90 days had passed from 13 December 1972, the date of the meeting when action was first deferred by the district council. [6] It is interesting to note that throughout, the council followed the procedure

---

**5.** Prince George's County Charter art. VII, § 707 (f), on which the Court of Special Appeals relied, contains a substantially similar provision, differing only in that the 90-day period runs from the filing of the report of the hearing examiner.

**6.** Notice was mailed to the applicant on 14 March 1973.

delineated by the County's zoning ordinance, which had been enacted in pursuance of the Regional District Act.

When an appeal is taken in a case like this, the function of the circuit court is a limited one: it reviews the entire record to determine whether the action of the district council was unreasonable, arbitrary or capricious, *Montgomery County v. National Cap. Realty*, 267 Md. 364, 376, 297 A. 2d 675, 682 (1972); *Board of County Comm'rs v. Ziegler*, 244 Md. 224, 228-29, 223 A. 2d 255, 257 (1966); *Hedin v. Board of County Comm'rs*, 209 Md. 224, 233, 120 A. 2d 663, 667 (1956); *Offutt v. Board of Zoning Appeals*, 204 Md. 551, 562, 105 A. 2d 219, 224 (1954).

Judge Parker made such a review and determined that there was competent, material and substantial evidence which would have justified the council's inaction. An aerial photograph in the record showed Northampton's property to be bisected by the only entrance road to the sizable Ritchie Elementary School. In his report, the hearing examiner had noted that the school was not "opposed" to the rezoning which had been applied for. An examination of the memorandum from the Office of Population Analysis, Prince George's County Public Schools shows that the response was by no means so unequivocal: "There is no objection to the rezoning of this parcel of land to the I-1 category as long as the ultimate use of this land is not detrimental to the safety, educational and administrative function of Ritchie Elementary School."

The same photograph showed that a large area surrounding the tracts appeared to be devoted to agricultural use, except for an extensive residential development nearby. There was no hard evidence of a change in the character of the neighborhood, or of a mistake in original zoning.

Only if the lower court had determined that the action of the council found no support in the facts and that it was unreasonable, arbitrary or capricious and not in accordance with law, could the case have been remanded for

reconsideration, *Cohen v. Willett*, 269 Md. 194, 196-97, 304 A. 2d 824, 825 (1973).

For the Court of Special Appeals to remand the case to the circuit court for a formulation of findings of fact and conclusions of law is at variance with the rule of our cases that it is not the function of the reviewing court to zone or rezone, or to substitute its judgment for that of the zoning authority if the action of the zoning authority is based on substantial evidence and the issue is thus fairly debatable, *Montgomery County v. Pleasants*, 266 Md. 462, 465-66, 295 A. 2d 216, 217-18 (1972); *Prince George's County v. Meininger*, 264 Md. 148, 153-54, 285 A. 2d 649, 652 (1972); *Kirkman v. Montgomery County Council*, 251 Md. 273, 276, 247 A. 2d 255, 257 (1968); *Bosley v. Hospital for Consumptives*, 246 Md. 197, 204, 227 A. 2d 746, 750 (1967).

Under the circumstances of this case, the result which was reached was that mandated by law: that an application not granted within 90 days would be regarded as having been denied. No findings of fact or conclusions of law by the district council were required, either because the case was not contested or because the application failed of passage as a consequence of inaction by the council. The only issue before Judge Parker was whether a proper application of the law to the facts before the council produced a result which was neither unreasonable, arbitrary nor capricious. He was satisfied that the facts supported the result, and we see no reason to disturb this finding.

> *Judgment of Court of Special Appeals reversed; case remanded to that court with direction that Order of Circuit Court for Prince George's County be affirmed; each party to pay its own costs in this Court and in the Court of Special Appeals.*