586 A.2d 834

## COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY, Maryland

v.

## METRO SITES, INC.

No. 851, Sept. Term, 1990.

Court of Special Appeals of Maryland.

March 6, 1991.

Joyce A. Birkel (Maurene Epps, on the brief), Upper Marlboro, for appellant.

Gerard T. McDonough (Zanecki, McDonough & Castelli, on the brief), Landover, for appellee.

Argued before BISHOP and ROBERT M. BELL, JJ., and LEONARD S. JACOBSON, Judge, Specially Assigned.

BISHOP, Judge.

The County Council of Prince George's County, Maryland appeals a judgment of the Circuit Court for Prince George's County whereby the Zoning Application of the appellee, Metro Sites, Inc. (Metro), was remanded to the District Council (the Council) with direction to make specific findings of fact and conclusions of law.

The Council raises two questions:

I. In its disposition of a Rezoning Application is the District Council required to make written findings of fact and conclusions of law?

II. Was the Council's statutory denial of the two applications supported by the record?

Because both of these issues are so closely intermingled, we will discuss them together.

## FACTS

We adopt for purposes of this opinion the facts as set out in the Opinion and Order of the circuit court:

### FACTS

The facts concerning this matter are relatively undisputed. Metro owns two parcels of land located near the intersection of Maryland Route 4 and U.S. 301 in Prince George's County, Maryland. Metro filed two separate zoning applications for these parcels of real property in Zoning Map Amendment Application Nos. A–9744 and A–9745. Both Zoning Map Amendment Applications request a change in zoning from the R–A zone to the I–2 or I–1 zone. These applications were made to the Maryland National Capital Park and Planning Commission (MNCPPC). The applications were, pursuant to law, reviewed by the Technical Staff and the Planning Board of that Commission. Both the Technical Staff and the Planning Board recommended that the zoning applications be denied. A public hearing was held before the Zoning Hearing Examiner who filed a decision with [the] District

Council recommending that the zoning be denied. Pursuant to Section 27–132 D 1 A of the Prince George's County Zoning Ordinance the District Council is required to decide such appeals within 150 days. The District Council heard oral argument, took several preliminary votes and requested their counsel to draft recommendations of facts approving the zoning. Prior to final action the 150 day period of time expired and the District Council filed an order pursuant to Section 27–132 denying both the zoning applications. The District Council's Order of Denial did not contain any findings of fact or conclusions of law.

After argument and a discussion of the applicable law, the circuit court found the following:

Here the Court cannot tell whether the action of the District Council in statutorily denying the zoning applications was supported by the substantial evidence. Indeed there are no factual findings to compare with the record. *Merely because evidence exists in the record which would lead to support of the Council's statutory denial does not allow the Court to conclude that the Council by implication found those facts to exist or found those same facts to be persuasive.* The District Council could well have concluded that those facts were not persuasive and could have chosen to make findings of facts which supported a granting of the application in this case, as the evidence was "fairly debatable". The Court is left to guess and speculate as to what was in the "collective mind of the Council". The Court cannot guess or speculate as to what the District Council's actions may have been. The record supports only the conclusion that the District Council did not reach the issue of fact finding because of the expiration of the time. The law does not permit this.

(Emphasis supplied).

## DISCUSSION

Appellant does not dispute that the Council made no specific written findings of basic fact or conclusions of law

but argues rather that the evidence supports the denials of these applications since all of the reviewing bodies, the technical staff, the planning board and the zoning hearing examiner, made findings and conclusions supporting denial of these requests which were contrary to the master plan. In support of its argument, the Council cites *County Council of Prince George's County, Maryland, et al. v. Potomac Electric Power Company*, 263 Md. 159, 282 A.2d 113 (1971) (*Pepco*).

The posture of *Pepco* before the Court of Appeals was very similar to the case *sub judice*, in that the circuit court reversed the action of the District Council which, by virtue of a tie vote, refused to grant the requested special exception. The circuit court found that *Pepco* had met the criteria required for the granting of the special exception and remanded the case to the District Council with direction that the special exception be granted. The District Council had not made findings of fact or conclusions of law; however, the Court, on appeal, reviewed the evidence that had been presented to the Council and affirmed the action of the circuit court. The Court stated:

> As we have indicated, we agree with the findings and conclusions of Judge Loveless. This is one of the rather rare cases in which there is no probative evidence to support the position of the two Commissioners who voted against the granting of the application for the special exception. The great need for the additional facility was established and the testimony and exhibits in the entire record are overwhelming that Site D satisfies the statutory criteria and that no other available sites can supply the service with equal public convenience.

*Id.* at 175, 282 A.2d 113. Before reviewing the evidence and reaching its conclusion the Court stated, "In as much as the resolution of the issue in this appeal turns on a consideration of the facts presented to the District Council, we will consider those facts in some detail." *Id.* at 163, 282 A.2d 113.

Relying on *Pepco,* the appellant argues that there was no need to remand the case *sub judice* to the Council because there was ample evidence before the Council to support its action or, if you will, non-action. As appellee points out, before the *Pepco* case reached the Court of Appeals, there had been a previous appeal to the circuit court and a remand to the District Council for findings of fact and conclusions of law as required by § 59–104 of the Prince George's County Code of Public Local Laws [1]. After the remand, the District Council requested the Park and Planning Commission, the investigative arm of the Council, to make the study requested by the circuit court, and as a result a substantial amount of evidence was introduced before the Council. After hearing the evidence, the Council still did not make a decision, but as stated *supra,* ended with a tie vote and, therefore, without the necessary four vote margin required to grant the special exception. Appellee argues, therefore, that the circuit court in the case *sub judice* was merely following what the Court of Appeals approved in *Pepco.*

Although cited by appellee, *Northampton v. Prince George's County,* 273 Md. 93, 327 A.2d 774 (1974) is supportive of appellant's position. *Northampton* also involved non-action on the part of the Council because of the failure to obtain four affirmative votes as required by the Prince George's County Maryland Code of Ordinances and Resolutions § 30.4. Again there were no findings of fact or conclusions of law by the Council. The Circuit Court for Prince George's County affirmed the action of the Council; however, this Court vacated the judgment of the circuit court and remanded the case for further proceedings. The Court of Appeals granted certiorari and reversed this Court and directed the affirmance of the circuit court. The reversal was based in part on a conflict between the Prince George's County Charter art. VII, § 707(a) and Md.Ann.

---

**1.** This section is now codified at Md.Ann.Code art. 28, § 8–123 (1990), the provisions of which are set forth, *infra.*

Code art. 28, § 8–123 (1990) (this is part of what is commonly referred to as the Regional District Act). Section 707(a) provides:

> The final decision of the Council in any zoning case shall be based solely upon record evidence, and shall be supported by specific written findings of basic facts and conclusions of law.

Md.Ann.Code art. 28, § 8–123 (1990) provides:

> In Prince George's County, no application for a map amendment or special exception, *which is contested,* shall be granted or denied except upon written findings of basic facts and written conclusions. (Emphasis supplied).

After it found that this was not a contested case and, therefore, the Council was not required to make written findings of fact and conclusions of law, the Court then stated:

> Even assuming that the case was contested, it is apparent, as both Northampton and the County concede in their briefs, and as the Court of Special Appeals held, that there was neither a granting nor a denial by the district court [sic] [2] of the requested rezoning because the thrust of § 30.4 of the County's Ordinances and Resolutions, which provides in part:
>
>> "Deferred applications, upon which no decision is rendered within ninety (90) days of the date of deferral, shall be considered denied."
>
> meant that there was an automatic denial by operation of law, on 13 March 1973, when 90 days had passed from 13 December 1972, the date of the meeting when action was first deferred by the district council. It is interesting to note that throughout, the council followed the procedure delineated by the County's zoning ordinance, which had been enacted in pursuance of the Regional District Act.
>
> When an appeal is taken in a case like this, the function of the circuit court is a limited one: it reviews the entire

---

2. The word "court" should read "council."

record to determine whether the action of the district council was unreasonable, arbitrary or capricious.

*Id.* at 99–100, 327 A.2d 774 (citations and footnotes omitted).

When *Northampton* reached the circuit court its posture was almost identical to that of the case *sub judice* when it was before the circuit court. In *Northampton,* the circuit court reviewed the entire record "and determined that there was competent, material and substantial evidence which would have justified the council's inaction." *Id.* at 100, 327 A.2d 774. The Court of Appeals proceeded to analyze the record and concluded that we should have affirmed the action of the circuit court.

> For the Court of Special Appeals to remand the case to the circuit court for a formulation of findings of fact and conclusions of law is at variance with the rule of our cases that it is not the function of the reviewing court to zone or rezone, or to substitute its judgment for that of the zoning authority if the action of the zoning authority is based on substantial evidence and the issue is thus fairly debatable.

*Id.* at 101, 327 A.2d 774 (citations omitted).

Although it appears from the record that the case *sub judice* may have been contested, under *Northampton* this is not controlling. The Court in *Northampton* concluded with its holding:

> Under the circumstances of this case, the result which was reached was that mandated by law: that an application not granted within 90 days would be regarded as having been denied. *No findings of fact or conclusions of law by the district council were required, either because the case was not contested or because the application failed of passage as a consequence of inaction by the council.*[3] The only issue before Judge Parker was

---

**3.** In the case *sub judice,* the Council did not make a *decision.* The lack of a decision distinguishes this case from those where we have required written findings of fact and conclusions of law. *See Ocean*

whether a proper application of the law to the facts before the council produced a result which was neither unreasonable, arbitrary nor capricious. He was satisfied that the facts supported the result, and we see no reason to disturb this finding.

*Id.* at 101, 327 A.2d 774 (emphasis supplied).

Based on *Northampton,* we look to the case before us to determine (a) whether the result which was reached by the District Council was mandated by law and (b) whether a "proper application of the law to the facts before the council produced a result which was neither unreasonable, arbitrary nor capricious." *Id.* If we are satisfied that the facts supported the result, we should not disturb the action of the Council.

### (a)

### *The Law*

Section 27–132(d)(1)(A) of the Prince George's County Zoning Ordinance provides that

[i]n a zoning case not finally decided by the Zoning Examiner, the Council shall make its decision within one hundred twenty (120) days after the Zoning Hearing Examiner files his decision with the Clerk of the Council, or within one hundred fifty (150) days if oral argument is requested.

The Zoning Hearing Examiner filed his recommendations to deny the zoning application on March 13, 1989. Oral argument was heard by the District Council on July 11, 1989. On July 24 and 25, 1989, the Council convened and considered the application. In consideration of rezoning applications which contradict the Master Plan, § 27–132(c)(1)(c) of the Prince George's County Zoning Ordinance requires two-thirds of the nine members of the District Council (6 votes are required) to vote to deny or grant

---

*Hideaway Condo. v. Boardwalk Plaza,* 68 Md.App. 650, 662, 515 A.2d 485 (1986).

the applications. Three votes were taken. The first produced three for approval, two against and one abstention. The next vote produced two for denial, three against and one abstention. Finally, a vote for remand to a Hearing Examiner failed by a Council vote of three to three with one abstention.

On August 11, 1989, the 150 days expired and the statutory denial pursuant to § 27–132(d)(1)(A) became effective.

### (b)

### *The Facts*

The Council had before it the recommendation of the Technical Staff to deny the applications. The Technical Staff determined that 1) there had been no change in the neighborhood since the adoption of the Subregion Map Amendment (SMA) on July 12, 1977; 2) there had been no mistake when the R.A. Zone was placed on the property at the time of the adoption of the SMA in 1977; 3) the property continues to be appropriate as a staged future development area; 4) improvements necessary to trigger changes had not occurred; and 5) the property was not appropriate for industrial zoning because of the current and prospective use of surrounding property for low density rural and suburban residential uses.

The Planning Board adopted the position of the Technical Staff and the Zoning Hearing Examiner agreed that neither the required change in use nor mistake in the original plan was satisfied by the facts to justify the requested zoning change. The Examiner also stated that adequate roads, sewer and water facilities were not available currently or proposed within a reasonable time.

Based on the foregoing we reverse the judgment of the circuit court and remand to that court with direction that the denial of the applications by operation of law be affirmed.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT WITH DIRECTION TO AFFIRM THE

DENIAL OF THE APPLICATIONS; COSTS TO BE PAID
BY APPELLEE.