598 A.2d 787

Robert I. MELNICK

v.

NEW PLAN REALTY TRUST.

No. 29, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Dec. 2, 1991.

Nelson Deckelbaum (Deckelbaum, Ogens & Fischer, on the brief), Bethesda, for appellant.

Bruce Marcus (Marcus & Bonsib, on the brief), Greenbelt, for appellee.

Argued before ALPERT, BLOOM and FISCHER, JJ.

FISCHER, Judge.

Robert Melnick appeals a contempt order issued on December 12, 1990 by the Circuit Court for Montgomery County. The finding of contempt was predicated on Melnick's failure to comply with a notice directing him to appear for a deposition. Melnick now contends that the notice of deposition was invalid.

■ This controversy stems from a February 23, 1981 judgment in the amount of $384,829 entered by the Supreme Court of New York, County of New York, against Melnick and in favor of New Plan Realty Trust (New Plan), appellee. After transferring the judgment to Maryland, New Plan commenced post-judgment discovery proceedings and noticed the deposition of Melnick for February 6, 1984. Melnick appeared and gave his deposition. Five years later, on November 3, 1989, New Plan issued another notice of Deposition Duces Tecum in Aid of Enforcement to Melnick. New Plan was unsuccessful in its attempts to serve Melnick, and on January 2, 1990, the lower court directed service of process pursuant to Maryland Rule 2–121(b). The deposition was rescheduled for February 20, 1990, but Melnick failed to appear. The court then entered the order finding Melnick in contempt for failing to abide by the notice and granted sanctions to New Plan for the sum of $750. Melnick argues that, in 1984, New Plan had previously deposed him and that, pursuant to Maryland Rule 2–411, New Plan is required to obtain leave of court in order to depose him again in the same action. Since New Plan did not obtain leave of court, Melnick contends that the notice was invalid and, consequently, the court was without authority to find him in contempt and impose sanctions.

As a money judgment creditor, New Plan is authorized under Maryland Rule 2–633 to obtain Melnick's deposition. Rule 2–633(a) provides:

Methods—A judgment creditor may obtain discovery to aid in enforcement of a money judgment (1) by use of depositions, interrogatories, and request for documents, and (2) by examination before a judge or an examiner as provided in Section (b) of this rule.

Melnick concedes that Rule 2–633 allows New Plan to depose him; he contends, however, that the procedural process of the deposition must follow Rule 2–411 which governs the taking of depositions. Rule 2–411 provides:

Any party to an action may cause the testimony of a person, whether or not a party, to be taken by deposition for the purpose of discovery or for use as evidence in the action or for both purposes. Leave of court must be obtained to take a deposition (a) before the earliest day on which any defendant's initial pleading or motion is required; or (b) of an individual who has previously been deposed in the same action; or (c) of an individual confined in prison. Leave of court may be granted on such terms as the court prescribes.

Melnick refers to part (b) of Rule 2–411 and asserts that New Plan must obtain leave of court to depose him again. New Plan argues that Rule 2–633 does not explicitly refer to Rule 2–411 or, for that matter, to any of the discovery rules and, consequently, there is no requirement to obtain leave of court.

We do not agree with New Plan's assessment of post-judgment discovery procedures. Rule 2–633(a) is derived from former Rule 627 [1], the original authority for the use of

---

1. Rule 627:

In aid of the judgment or execution the judgment creditor or his successor in interest when that interest appears of record, may examine any person including the judgment debtor, in the manner provided by Rule 628 (Supplementary Proceedings), and as provided in the Rules relating to Depositions, Rules 401 and 403 to 415, inclusive, and Discovery, Rules 417 to 419, inclusive, and Rule 422.

discovery procedures to aid in the enforcement of money judgments. The Court of Appeals commented on these rules in *Price v. Orrison,* 261 Md. 8, 273 A.2d 183 (1971), an appeal from a denial of a motion to prevent the taking of depositions in aid of execution upon judgment. The Court noted that Rule 627 referred to the discovery procedures of former Chapter 400:

> The summonses, which were issued under Maryland Rules 401 [2] and 403–415 as authorized by Rule 627, directed [appellants] to appear at a local attorney's office for [depositions]. . . .

> There is no reason to comply with the alternative examination procedures set forth in Rule 628 when the judgment creditor has elected, as he is authorized to do by Rule 627, to obtain the desired information through the listed discovery and deposition sections of Chapter 400 of the Maryland Rules.

*Price,* 261 Md. at 9–10, 273 A.2d 183.

Implicit in Rule 2–633, then, is the governing powers of the discovery procedures outlined in current Title 2. The policy considerations for these discovery procedures have remained the same and are necessary during post-judgment as well as pre-trial proceedings. Leave of court is obtained to protect individuals from the harassment of giving numerous depositions in the same action. Alleviation of this method of harassment is necessary regardless of whether the depositions are taken before trial or after judgment. Although Rule 2–633 does not specifically refer to the 2–400 series of discovery rules, we infer from the history of the procedural rules and from the policy considerations that post-judgment discovery must be regulated by the Title 2, Chapter 400 rules.

■ Thus, New Plan is authorized to take the deposition of Melnick to aid in recovery of the judgment, but under Rule 2–411 New Plan may not demand another deposition of

---

**2.** Maryland Rule 2–411 is derived from former Rule 401.

Melnick without leave of court. In this case, the deposition notice was without leave of court and was, therefore, invalid. Consequently, Melnick disobeyed a subpoena that was issued pursuant to an improper procedure. We believe, therefore, that the principles of fundamental fairness prohibit the imposition of a sanction under these circumstances. The proper course is for the circuit court to determine whether appellee is entitled to take another deposition, and if so, for New Plan to schedule the deposition. We, accordingly, remand this case to the circuit court for further proceedings in accordance with this opinion.

JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.