# J. S. JOHNSON, Appellant, v. FERDINAND ENGELHARD, Respondent.

## (176 N. W. 134.)

**Process — service of summons on nonresident — court acquires no jurisdiction where service does not comply with the statute.**

1. The plaintiff, a resident of North Dakota, commenced an action against the defendant, a resident of Wisconsin, by the issuance of a summons, and after the issuance of the summons, attached certain lands of the defendant in Burleigh County, North Dakota. No attempt was made to publish the summons, the plaintiff sending the same to the chief of police of Oconomowoc, Wisconsin, by whom it was served upon the defendant personally. No other effort was made to serve the summons or complaint upon the defendant within sixty days after the issuance of the warrant of attachment.

*Held* that, under the statutes referred to in the opinion, the district court of Burleigh county, North Dakota, in which the action was commenced, acquired no jurisdiction of the defendant, and properly dismissed the action.

**Action — commencement of action — when action is deemed commenced.**

2. The ordinary action is commenced when a summons is issued and served upon the defendant. An action is commenced in cases in which attachment is permitted when the summons is duly issued.

**Action — service of summons without the state — how made.**

3. Personal service of a summons can only be made within the state. When it is served without the state, in cases where it is permitted by a statute to be so served, service must be made by publication as provided by law.

Opinion filed November 8, 1919. Rehearing denied January 21, 1920.

This is an appeal from an order of the District Court of Burleigh County, North Dakota, *W. L. Nuessle, J.*,

Order affirmed.

*W. L. Smith,* for appellant.

Distinguishing attachment action from the ordinary action see: Smith v. Nicholson, 5 N. D. 426, 67 N. W. 296; Goldstien v. Peter Fox Sons Co. 22 N. D. 636; 4 Cyc. Attachments; 2 R. C. L. ¶ 60 of Attachments.

NOTE.—Authorities passing on the question of acquiring jurisdiction over foreign corporation by service of process are collated in a note in 70 L.R.A. 530.

"In some jurisdictions the remedy by attachment is held to be purely *in rem,* and the statute requiring notice to be given to the debtor is deemed to not be for the purpose of giving the court jurisdiction over the subject-matter, but to permit the debtor to have an opportunity to protect his rights. Paine v. Mooreland, 15 Ohio, 435, 45 Am. Dec. 585; Hudson v. Blanfus, 22 Iowa, 323.

Further as to the meaning that has been placed upon the word "deemed" in different cases see: Burrell Twp. v. Pittsburg C. of P. 62 Pa. 472; Robinson v. Cleveland City R. Co. 7 Ohio Dec. 324; Jackson's Succession, 47 La. Ann. 1089, 17 So. 598; Chew v. Egbert, 14 N. J. L. 446; Thompson v. Cragg, 24 Tex. 582.

*Miller, Zuger, & Tillotson,* for respondent.

The proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed or no rights will be acquired thereunder. Ireland v. Adair, 12 N. D. 32; Rhode Island Hospital Trust Co. v. Keenery, 1 N. D. 413; Roberts v. Enderlin Invest. Co. 21 N. D. 601.

The summons and complaint must both be served upon the defendant personally outside of the state within sixty days after the filing of the affidavit for publication, to be of any effect. If not so made the action shall be deemed discontinued. Comp. Laws 1913, § 7431; First Nat. Bank v. Holmes, 12 N. D. 38, 94 N. W. 764.

Substituted service other than by publication means that it can be done in the manner required by § 7432, supra. A less degree of service is not sufficient. Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145.

GRACE, J. The plaintiff attempted to bring an action against the defendant in which he sought to recover $6,000 damages for the alleged violation of a written contract. The defendant is a resident of the city of Oconomowoc, Waukesha county. state of Wisconsin.

The plaintiff's attorney issued a summons which was served upon the defendant personally by the chief of police of Oconomowoc. The complaint was not served with the summons; the summons recited the complaint would be filed with the clerk of the district court of Burleigh county. It was dated February 14, 1919.

On the 17th day of February, 1919, plaintiff filed in the office of the

clerk of the district court of Burleigh county, a verified complaint in which $6,000 damages are claimed, and at the same time filed an affidavit, stating the defendant was not a resident of the state, that he was a resident of the city of Oconomowoc, Wisconsin, and further therein stated that personal service of the summons could not, in this state, be made upon the defendant.

On February 17, 1919, the plaintiff filed an affidavit of attachment; he also filed an undertaking therein in the sum of $6,000, and on that day procured a warrant of attachment, under which the sheriff of Burleigh county attempted to levy and attach certain real estate in Burleigh county, North Dakota, described as follows, to wit: Section 35, Township 139, Range 78; the E. ½ of the E. ½ of the N. W. ¼, the N. W. ¼ of N. W. ¼ of N. E. ¼, the S. ½ of the N. W. ¼ of N. E. ¼, the S. W.¼ of N. E. ¼, the S. ½ of the S. E. ¼ of N. E. ¼, the E. ½ of S. E. ¼, and the N. W. ¼ of S. E. ¼ of Section 29, Township 139, Range 80.

The notice of the alleged attachment was filed with the register of deeds, and in it was described the land sought to be attached. The writ of attachment was not personally served upon the defendant. At the request of the attorney for plaintiff, Section 35 was released from the alleged attachment. No publication of the summons was made. The plaintiff relies upon what he terms the personal service of the summons above mentioned, but which, as we shall presently see, was not personal service. No personal service of the complaint upon the defendant was made within sixty days after the filing of the affidavit for publication.

The plaintiff, on the 2d day of May, 1919, more than sixty days after the warrant of attachment issued, served a copy of the complaint upon the defendant; this was, however, subsequent to the time when the defendant had procured from the court an order directed to the plaintiff to show cause on the 26th day of April, 1910, why the action sought to be commenced should not be dismissed for want of jurisdiction.

The sole question in the case is one of jurisdiction. The plaintiff sought to get jurisdiction of the defendant by publication of the summons under § 7429, Comp. Laws 1913, and the filing of a writ of attachment against certain land. Under § 7420, an action is commenced by the issuance and service of a summons and jurisdiction is acquired when it is served in the manner prescribed by law.

In an action on contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages arising out of contract or otherwise, the plaintiff, at or after the commencement thereof, may have the property of the defendant attached, in the cases provided for in §§ 7537 and 7538, Comp. Laws 1913; and where an attachment is thus procured, an action is, in such case, deemed to be commenced from the time a summons is duly drawn and signed with the intention that it be served. A summons, thus issued, is sufficient to support and authorize the procuring of a warrant of attachment at any time after the issuing of the summons.

In cases where attachment is permitted, and the action is deemed commenced from the issuing of the summons, and though it be conceded it is sufficient to support an attachment issued after the action has been so commenced, no jurisdiction of the defendant is obtained unless the summons is served upon him.

The statutes provide the manner in which the summons may be served, which is by personal service thereof, in accordance with the provisions of the statute defining personal service, or service by publication, in accordance with the statute in cases where publication is permitted.

In this case the plaintiff has done neither. The defendant, at the time the action was commenced, was a resident of the state of Wisconsin. The only method by which the plaintiff could subject defendant to the jurisdiction of the courts of this state was by commencing an action by the issuance of a summons, attaching his property within this state, following this with a due and legal publication of the summons, and thereafter serving the summons and complaint upon the defendant in the manner prescribed by law; or, after a proper affidavit of publication was made, by making personal service of the summons within sixty days after the issuance of the warrant of attachment. The mere issuing of the summons, and thereafter the writ of attachment, and the filing of the notice of attachment in the office of register of deeds, and thereafter the service of the summons personally upon the defendant in Wisconsin, without first having complied with the requirement of the law as to publication up to the point where everything required for the publication of the summons is done, except the publication thereof, would not bring the defendant within the jurisdiction of the court.

We are dealing with the question of substituted service; the manner in which such service may be made is prescribed by statute. When substituted service is sought, the steps to be taken and rules to be followed are those prescribed by the statute, and it is only by following such statutory rule that jurisdiction may be obtained of the person in cases where substituted service is permitted, and is applicable.

Section 7431, Comp. Laws, reads thus: "After the affidavit for publication and the complaint in the action are filed, personal service of the summons and complaint on the defendant out of the state shall be equivalent to and have the same force and effect as the publication and mailing provided for in this chapter."

Under this section, each and every step required to be taken, if the summons were to be published, must also be taken to the point of publication before the personal service mentioned, is permissible. Unless all of such steps are taken, the personal service thus authorized, does not become equivalent nor have the same force and effect as the publication of the summons and the mailing of the summons and complaint in the manner provided for service by publication.

Section 7432, Comp. Laws, reads thus: "The first publication of the summons, or personal service of the summons and complaint upon the defendant, out of the state, must be made within sixty days after the filing of the affidavit for publication; if not so made, the action shall be deemed discontinued." This action refers to cases in which there is no attachment issued.

Section 7539, Comp. Laws, reads thus: "Within the meaning of the last two sections, an action shall be deemed commenced when the summons is issued, but personal service of such summons must be made or publication thereof commenced within sixty days after the issuance of the warrant of attachment."

The other sections referred to in the latter section are 7537 and 7538, which set forth the cases in which attachment may be issued.

The personal service mentioned in this section is governed by the statutes relative to substituted service by publication. All of the things required to be done for service by publication are, under this section, required also to be first done, where the personal service of the summons referred to in this section is made, with the single exception that the actual publication of the summons need not be made.

This case is governed by the provisions of § 7539 in regard to the time when the summons must be served, which is sixty days after the issuance of the warrant of attachment.

The plaintiff has utterly failed to serve the summons by publication. Personal service of it could be made only within this state.

The personal service which may be made without the state is a part of substituted service by publication. The summons served upon the defendant by the chief of police of Oconomowoc was a nullity and was void, for the reason that the preliminary, prerequisite steps and acts to be done by the plaintiff had not been taken and performed prior to the alleged personal service without the state. Hence there was no legal service of the summons by publication.

We are also of the opinion that it is necessary, in this case, within the sixty-day period, after the issuance of the attachment to serve upon the defendant, either by mail or personally, a copy of the complaint as provided in § 7430, or that he be served with it personally as provided in § 7431. This was not done.

It is clear that the summons was not served personally within the meaning of the statute regarding personal service, nor was it served by publication in the manner prescribed by the statutory law in that regard. Hence, the court acquired no jurisdiction of the cause of action nor of the defendant. It properly entered an order of dismissal of the action.

Such order appealed from is affirmed.

The respondent is entitled to statutory costs on appeal.

ROBINSON, BRONSON, and BIRDZELL, JJ., concur.

CHRISTIANSON, Ch. J. (concurring). The sole question presented in this case is whether the trial court erred in dismissing plaintiff's action.

Under our laws jurisdiction in an action is acquired by the service of a summons upon the defendant. Two modes of service are provided: Personal service, and service by publication. The manner in which personal service must be made is prescribed by § 7426, Comp. Laws 1913; and the conditions under which service may be made by publication are enumerated in § 7428, Comp. Laws 1913. The latter section provides:

"Service of the summons in an action may be made on any defendant by publication thereof upon filing a verified complaint therein with the clerk of the district court of the county in which the action is commenced, setting forth a cause of action in favor of the plaintiff and against the defendant, and also filing an affidavit stating the place of defendant's residence, if known to the affiant, and if not known, stating that fact, and further stating:

"1. That the defendant is not a resident of this state; or

"2. That the defendant is a foreign corporation, joint stock company, or association and has no agent or person in this state upon whom service may be made under the provisions of § 7426; or

"3. That personal service cannot be made on such defendant within this state to the best knowledge, information, and belief of the person making such affidavit, and in cases arising under this subdivision the affidavit shall be acompanied by the return of the sheriff of the county in which the action is brought, stating that after diligent inquiry for the purpose of serving such summons he is unable to make personal service thereof upon such defendant." Comp. Laws 1913, § 7428.

Section 7430, Comp. Laws 1913, provides that *"a copy of the summons and complaint* must, within ten days after the first publication of the summons, be deposited in some postoffice in this state, postage prepaid, and directed to the defendant to be served, at his place of residence, unless the affidavit for publication states that the residence of the defendant is unknown."

Section 7431, Comp. Laws 1913, provides: "After the affidavit for publication and the complaint in the action are filed, personal service of the summons and *complaint* upon the defendant out of the state shall be equivalent to and have the same force and effect as the publication and mailing provided for in this chapter."

Section 7539, Comp. Laws 1913, provides that in actions wherein a warrant of attachment is issued and properly seized thereunder, "an action shall be deemed commenced when the summons is issued, but personal service of such summons must be made, or publication thereof commenced within sixty days after the issuance of the warrant of attachment."

It is undisputed that the only service made upon the defendant in

45 N. D.—2.

this case was that a copy of the summons was handed to him within the state of Wisconsin. He did not receive a copy of the complaint.

Appellant contends that § 7539, Comp. Laws 1913, does not require the service of a copy of the complaint in a case where personal service of the summons is obtained out of the state. In my opinion this contention is wholly untenable. Section 7539 does not purport to define "personal service" or "service by publication," or to fix any other meaning upon those terms than that which is ascribed to them in other provisions of our laws. The section merely recognizes the fact that our laws provide for two modes of service, to wit: Personal service and service by publication. When it refers to personal service, it doubtless has reference to the service prescribed by § 7426, Comp. Laws 1913, which latter section by its express terms declares that "service made in any of the modes provided in this section shall be taken and held to be *personal service.*" Service by the delivery of the summons and complaint to the defendant, personally, out of the state is simply a substitute for service by publication. H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974; 19 Enc. Pl. & Pr. 610; 32 Cyc. 489.

It will be noted that our laws expressly require that when service is made out of the state, a copy of the complaint, as well as of the summons, must be served (§ 7431, supra); and that even in cases where the summons is actually published, a copy of the summons and *complaint* must be mailed to the defendant, if his residence is known. § 7430, supra. The object of these statutes is apparent. It was desired, in all cases where it was possible to do so, to give the defendant the information which the complaint necessarily would impart to him.

It is well settled that statutes providing for service of process upon persons who cannot be personally served within the jurisdiction must be strictly pursued in order to confer jurisdiction upon the court. 17 Enc. Pl. & Pr. 45; 19 Enc. Pl. & Pr. 611.

In Roberts v. Enderlin Invest. Co. 21 N. D. 594, 599, 132 N. W. 145, this court said: "Service of summons by publication is purely of statutory creation, and is effective only as the statute makes it so. Whatever the statute prescribes as a prerequisite condition cannot be dispensed with, and a failure to strictly comply with the provisions of the statute renders the attempted service fatally defective. When a proceeding is commenced to obtain service of the summons by publi-

cation, the defendant has a right to examine the records in the case and to govern his conduct accordingly. It is therefore necessary that proof of the right, under the statute, to make service of the summons by publication, should appear in the files and records of the action before publication of the summons is commenced."

In that action the court, also, had occasion to construe § 7539, supra. The court held that by virtue of that section "the lien of an attachment lapses and ceases to exist, unless the summons is served personally or the publication thereof commenced within sixty days after the issuance of the warrant of attachment." 21 N. D. 601.

I therefore agree with my associates that there was no service of the summons in this action in the manner and within the time provided by law, and that the tiral court ruled correctly when it ordered that the action be dismissed.