JOSEPH MARTIN, ET AL. *v.* UNITED SLATE, TILE AND COMPOSITION ROOFERS, DAMP AND WATERPROOF WORKERS, ASSOCIATION, ETC.

[No. 47, October Term, 1947.]

*Decided December 11, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*W. Leroy Ortel* and *Edwin S. Panetti* for the appellants.

*Jacob J. Edelman* and *Isidor Roman*, with whom was *Edgar P. Boyko* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City denying a motion to dissolve an interlocutory injunction and continuing the temporary order restraining the defendants, until a hearing on the merits. There is no doubt that such an order is appealable. Code Art. 5, sec. 31; Miller's Equity sec. 318. The bill for injunction was filed by United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, an international labor union affiliated with the American Federation of Labor, against Joseph Martin, individually and as Business Agent and Secretary-Treasurer of Local Union No. 80, and William Krumm, individually and as President of Local Union 80. The bill recited that Local Union No. 80 had received its charter from the complainant and was subject to and bound by the constitution and by-laws adopted by the International Union and filed with the bill; that the officers and members of the Local were likewise subject to and bound by said consitution and by-laws, and by the applicable disciplinary measures therein mentioned. As a result of an investigation and report by Edward F. Hurley, vice-president of the international union, filed with the bill, the International President "suspended the charter" of

the local union, subject to the approval of the next session of the International Executive Board (under Art. VIII, Sec. 2(e) of the constitution). He preferred charges of inefficiency and conduct unbecoming a member, tending to bring the union into disrepute, against Martin. No charges were preferred against Krumm, although the report asserted that he was wholly dominated by Martin. The report asserted that Martin had been arrested and indicted on charges of conducting bookmaking on the union premises and assaulting a police officer raiding the same, and found "guilty as charged." The International President authorized Hurley to take "supervision over" the local union and all its "funds and documents".

The bill further alleged that Martin and Krumm had refused to surrender to Hurley the "moneys, property, assets and records" of the local union, and that unless restrained by court order, they "will secrete, spend and dissipate" its property and funds, including union dues. The bill alleged that the complainant had no adequate remedy at law and would suffer irreparable damage unless a restraining order were granted against Martin and Krumm. Upon these allegations the court issued a temporary restraining order, conditioned upon the filing of a $2,000 bond (subsequently increased to $10,000).

The defendants filed an answer to the bill denying that the international union had a right, under its constitution, to oust the officers of the local union, denying that the constitution was validly adopted, and alleging that the action of the International President was arbitrary, illegal and for an ulterior motive. It denied that the international union had any right, title or interest in the assets of the local union. It denied that Martin had been found "guilty as charged". The defendants also filed a motion to dissolve the injunction, on the grounds (1) that the bill did not allege any acts of "dissipation, secretion or disposition of assets" or "imminent danger" thereof, (2) that the injunction was in violation of the Anti-injunction Act, Code, Art. 100, secs. 64-76, incl., and (3) that the local union was a necessary party.

In the view we take of the case, it is unnecessary to pass upon the merits of the controversy, or any of the grounds raised by the motion except the last. We think it is clear that the local union was a necessary and indispensable party to the proceeding, and that the motion should have been granted on this ground. The purpose of the bill was to assist the appointee of the international union, claiming authority by virtue of the exercise of a right reserved by the international union in the charter granted to the local union, in gaining control and possession of the local union and its assets. The relief sought is somewhat analogous to that exercised by a court, incident to the appointment of a receiver for a corporation. In such a case it is clear that the corporation is an indispensable party.

"Since the appointment of a receiver over a corporation is generally equivalent to a suspension of its corporate functions, and all authority over its property and effects, and is also equivalent to an injunction restraining its agents and officers from intermeddling with its property, (*Linville v. Hadden,* 88 Md. 594, 596, 41 A. 1097, 43 L. R. A. 222) the courts will not exercise this extraordinary power when the corporate body, as such, is not made a party to the action, and is not before the court." *High, Receivers,* 4th Ed., sec. 290. "It is a fundamental rule that all persons interested in the subject matter of a suit must be made parties to it * * *." *Bachrach v. Washington United Cooperative,* 181 Md. 315, 318, 29 A. 2d 822, 824. The charter grant was in the nature of a contract between the two corporations, and the court cannot construe the contract until the other contracting party is before it. *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers v. United Brotherhood of Carpenters,* 185 Md. 32, 36, 42 A. 2d 913. The fact that that case concerned the Declaratory Judgment Act does not alter the principle involved.

The appellee contends, however, that the temporary injunction is sustainable as an exercise of the court's power to maintain the *status quo* pending a hearing on

the merits, citing *United Fuel Gas Co. v. Morley Oil & Gas Co.,* 101 W. Va. 73, 131 S. E. 713. In that case a temporary injunction to prevent waste by a party in possession was continued to afford the complainant an opportunity to bring in the real owner by amendment to the bill. But in the case at bar the effect of the injunction was to change the *status quo,* by assisting the international union to gain possession of assets belonging not to the appellants, but to a party not before the court. The injunction was sought as a primary, and not a mere auxiliary, remedy. Compare *Howard v. Western Maryland Railway,* 138 Md. 46, 48, 113 A. 574. For lack of an indispensable party the order refusing to dissolve the injunction must be reversed. In so holding, however, we do not suggest that the appellants have any present right to possession or control of the local union and its property. The case will be remanded in order that the appellee may have an opportunity, within such limited time as the chancellor may fix, to amend the bill so as to bring in the local union. General Equity Rules 32 and 33. We leave open all questions raised by the bill and answer.

> *Order reversed and case remanded for further proceedings in accordance with this opinion, costs to be paid by the appellee.*