DOLAN ET AL. *v.* MOTION PICTURE AND
TELEVISION OPERATORS UNION ET AL.

[No. 108, October Term, 1954.]

*Decided February 10, 1955.*

*Motion for clarification of opinion, filed March 4, 1955,
granted and per curiam order filed March 18, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marvin C. Wahl*, with whom was *Ronald O'D. Maher*, on the brief, for appellants.

*Bernard J. Seff*, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City denying a petition for preliminary injunction filed by the appellants, complainants below, in connection with their amended bill of complaint. The appellees do not challenge the right to appeal from this denial under Code (1951), Art. 5, Sec. 35. *Safe Deposit & Trust Co. v. M. & C. C. of Baltimore*, 121 Md. 522, 533. Cf. *Chesapeake Beach Hotel Co. v. Hall*, 121 Md. 643, 651, and *Martin v. United Slate Workers Ass'n.*, 189 Md. 383, 385. See also *Kahl v. Con. Gas, Elec. Lt. & Power Co.*, 189 Md. 655, 658, and *Montgomery Co. v. Metropolitan District*, 200 Md. 525. But the appellees contend that the ruling is supportable on the grounds that the amended bill shows on its face (1) that there is a lack of necessary parties defendant, and (2) that the controversy involves a labor dispute between two rival labor unions and the chancellor had no jurisdiction to issue an injunction in such a case, under Code (1951), Art. 100, Secs. 63-75. The chancellor seems to have taken the view that the case involved a labor dispute, for in denying the preliminary injunction he cited *Green v. Obergfell*, 121 F. 2d 46, where the court found that a labor dispute between two rival unions was established, which stripped the court of its jurisdiction to issue an

injunction under the Norris-LaGuardia Act, 29 U. S. C. 101 *et seq.,* from which the Maryland ' statute was adopted.

On the first point, it appears that the petition was denied before any pleadings whatever were filed by the respondents, either by way of demurrer or answer to the amended bill or to the petition. Thus the case was not at issue and the question of parties was not properly before the court. Nor did the chancellor pass on the question of parties, so obviously we cannot decide this point under Rule 9 of our Rules Respecting Appeals.

The second point requires more elaboration. The amended bill, filed by six individual motion picture operators, members of a union designated as their exclusive bargaining representative, sought to enjoin the union from expelling them because of their alleged membership in another labor organization. It alleged that by reason of the unlawful expulsion, to become final unless evidence was furnished by them of termination of their membership in the other organization within thirty days, which expulsion was without charges or hearing and in contravention of the constitution and by-laws of the union, they were threatened with a loss of their jobs and other property rights. The petition recited other facts and circumstances tending to show that unless a preliminary injunction were issued, the damage would be irreparable. In the absence of statutory prohibition the allegations of the bill and the petition would seem to call for equitable intervention of at least a temporary nature. Cf. *Martin v. United Slate Workers Ass'n, supra,* and *Martin v. United Slate Etc. Ass'n,* 196 Md. 428. The appellants contend that the controversy is not a labor dispute such as is contemplated by the Maryland statute, citing *LaRose v. Possehl,* 282 N. Y. S. 332, and other cases. See also note 160 A. L. R. 544. The appellees say that the controversy involves "dual unionism" and is within the definition of a labor dispute. In the present state of the record we think that issue is not ripe for determination.

Despite the rather sweeping anti-injunction provisions of the Norris-LaGuardia Act, paraphrased or adopted in the Maryland statute, the Supreme Court of the United States has held that where there is a *bona fide* claim that the Act is inapplicable, and the power to grant the ancillary relief depends in great part upon the resolution of the jurisdictional question, the trial court "unquestionably" has "the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction." *United States v. United Mine Workers of America*, 330 U. S. 258, 290, 310. See also *American Federation of Musicians v. Stein*, 213 F. 2d 679 (C. A. 6th Cir.). In the instant case not only does the bill on its face pose a question of law that seems doubtful under the authorities, but the answer may depend upon admissions in the answer or the determination of factual matters set up in the answer by way of defense. The appellees state in their brief that the appellants' brief "fails to even indicate the mass of uncontroverted fact which the Court below had before it when Appellants' petition for a preliminary injunction was denied" and that the "proposed expulsion of appellants is only part of a larger picture all of which was before Judge Mason." No such factual matter is before us. As we have noted, the case was not even at issue under the pleadings.

It appeared that there had been previous hearings before the trial court on the original bill, at which some questions of fact were doubtless discussed and quite possibly it may have been assumed from those discussions or arguments that certain facts were true. There is, however, no evidence before us on this appeal to establish any facts, nor is there any finding of facts by the trial judge, except such finding as may be inferred from his reliance upon *Green v. Obergfell, supra.* In the present state of the record we think the chancellor should have issued a preliminary injunction pending a decision upon his own jurisdiction, in order to preserve the *status*

*quo.* We express no opinion on the merits of the jurisdictional or any other question.

*Order reversed and case remanded. Costs
to be paid by the appellees.*

PER CURIAM.

On motion for clarification of opinion and answer thereto, we are told that the chancellor now sitting in the Circuit Court of Baltimore City, upon receipt of the mandate of this Court, has set the case for hearing and the taking of testimony to determine whether he should issue a preliminary injunction. This is in contravention to the opinion of this Court, and we hereby order and direct that the preliminary injunction issue forthwith, to preserve the *status quo* pending a decision upon the question of jurisdiction.

There is no necessity to depart from established equity procedure. The jurisdictional question can be determined (a) on motion to dissolve the preliminary injunction, after full hearing and the taking of testimony, or (b) after hearing of the case on the merits, which we are told is now at issue under the pleadings. In such hearing the chancellor, in his sound discretion, may rule on the jurisdictional question as a preliminary matter, or reserve his decision until the conclusion of the whole case