## ALFORD *v.* COMMISSIONER OF MOTOR VEHICLES

[No. 187, September Term, 1961.]

46

*Decided November 17, 1961.*

The case was argued on the motion to dismiss before BRUNE, C. J., and PRESCOTT, HORNEY and MARBURY, JJ., and DUCKETT, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Saul M. Schwartzbach* for appellant on the motion.

*Thomas J. Scanlan* for appellee on the motion.

PER CURIAM.

This case is now before us on motion to dismiss the appeal. The plaintiff-appellant is the victim of a "hit and run" automobile accident, and the suit is brought against the Commissioner of Motor Vehicles pursuant to § 167 of the Unsatisfied Claim and Judgment Fund Law (Code (1957), Art. 66½, §§ 150-179, the "Act"). As provided by § 155 of the Act the case was assigned by the Board established under the Act to an insurance company for investigation and defense. After pleas were filed on behalf of the Commissioner as defendant, the plaintiff served written interrogatories on the Commissioner. The Commissioner filed a motion to strike on the ground of privilege against the disclosure of defenses afforded him by § 170 of the Act. This motion was granted. The plaintiff then served a notice to take the deposition of one Riggs. The appellee filed a motion pursuant to Maryland Rule 406 that the deposition be not taken, asserting that Riggs was an employee of the insurance company assigned to investigate and defend the claim, who had supervised the investigation and defense, and that the taking of the proposed deposition was an effort to circumvent the privilege of non-

disclosure afforded by § 170. This motion also was granted. The plaintiff appeals from both of these orders denying discovery, and the Commissioner moves to dismiss on two grounds: first, the privilege accorded by § 170; and second, that the orders appealed from are not final orders.

We think that the appeal must be dismissed on the second of these grounds, and we express no opinion as to the first. Ordinarily, an order granting or denying discovery does not finally determine the rights of any party and, therefore, no appeal lies from such an order unless it is tantamount to a denial of the means of further prosecuting the case. *Barnes v. Lednum,* 197 Md. 398, 406, 79 A. 2d 520 (denial of discovery); *Hallman v. Gross,* 190 Md. 563, 577-78, 59 A. 2d 304 (granting of discovery); *Purdum v. Lilly,* 182 Md. 612, 620-22, 35 A. 2d 805 (order denying discovery which precluded successful prosecution of suit). Here we think that no showing is made that the plaintiff is precluded from further prosecution of his suit. His application to sue filed under § 150 of the Act which states briefly his claim as to how the accident happened indicates the contrary. The order, therefore, does not amount to a final determination and is not now appealable. If, after the case is tried, there should be an appeal from the final judgment, these interlocutory orders could then be brought up for review.

*Motion to dismiss appeal granted and appeal dismissed.*