496 A.2d 695

**Lee F. BREUER**

v.

**James F. FLYNN, et al.**

**No. 1506, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Sept. 6, 1985.

410

Lee F. Breuer, Oxon Hill, for appellant.

Richard L. Fields, Oxon Hill, for appellees.

Argued before GARRITY, ADKINS and ROSALYN B. BELL, JJ.

GARRITY, Judge.

This matter involves a situation wherein the Circuit Court for Prince George's County granted certain motions, including a motion for entry of an order of default, while an appeal was pending in this court on nonappealable interlocutory rulings in the same case. The primary focus of our examination will be the jurisdictional effect of an appeal from nonappealable interlocutory orders.

## FACTS

As the procedural history is important to an understanding of our holding, we shall set it out in detail:

On July 6, 1984, appellees, James F. Flynn and others, filed a Bill of Complaint in the Circuit Court for Prince George's County for slander. On the same day, appellees also filed motions to enjoin the appellant, Lee F. Breuer, from making any further comments concerning the appel-

lees in public or to any person and to preclude her from entering their homes and businesses.

The court issued an *ex parte* injunction ordering the appellant to refrain from entering appellees' homes and businesses, but it declined to enjoin her from speaking about the appellees, at least until she had been afforded an opportunity to be heard. The court subsequently ordered that a hearing be held on July 13, 1984, to determine whether to grant appellees' request for an interlocutory injunction, provided that the *ex parte* order and complaint were served upon the appellant by July 11, 1984. Upon discovering that the appellant would be out of the country until August 22, 1984, the appellees filed a motion to extend the *ex parte* injunction. The court granted the extension and postponed the hearing to September 13, 1984.

On August 22, 1984, appellees served the appellant with a copy of the complaint and the court's order granting the *ex parte* injunction. Thereafter, appellees filed several notices to take appellant's deposition prior to the hearing. Instead of appearing at any of the scheduled depositions, however, appellant filed motions for a protective order. The court either ignored or denied her motions.

Upon being advised that the appellant was ill on the day set for hearing the motion for an interlocutory injunction, the court postponed proceedings until October 26, 1984. Prior to this hearing, appellant filed a motion to have Judge Robert J. Woods disqualified from presiding over the case. That motion was denied. After considering testimony and arguments presented at the hearing on October 26, 1984, the court granted appellees' request for an interlocutory injunction enjoining the appellant from making any further comments concerning the appellees.

, On November 19, 1984, the *pro se* appellant appealed from all the lower court's decisions passed prior to that date. The rulings, *inter alia,* included the grant of appellees' requests for *ex parte* and interlocutory injunctions, the denial of her motion to disqualify the presiding judge, and the denial of her motion for protective order. Approximate-

ly two weeks after this appeal was noted, the lower court proceeded to dismiss appellant's counterclaim as a sanction for her failure to appear at the hearings or to attend the depositions ordered by the court. The court then granted appellees' motion for an order of default and costs upon finding that appellant had failed to file a responsive pleading to the complaint on or before November 13, 1984, as had been ordered by the court. On December 17, 1984, the appellant filed another appeal to this court which incorporated her previous issues, and added the claim that the lower court lacked jurisdiction to enter an order of default and judgment for costs.

I. *Effect of November 9th Appeal from Interlocutory Orders.*

The crux of appellant's argument is that the circuit court was immediately divested of jurisdiction when she filed an appeal to this court on November 9, 1984. This appeal contested the denial of a protective order to prevent appellees from taking her pre-trial deposition; the denial of her motion to dismiss the bill of complaint and the order by the court that she answer the complaint by November 13, 1984; the denial of her motion for Judge Woods to recuse himself; the grant of appellees' motion for interlocutory injunction, and the court's order that she be deposed by the appellees on November 15, 1984. The answer to the argument depends on whether these orders were appealable.

It is well settled that ordinarily a party may appeal to this court only after a final judgment has been entered in a civil or a criminal case by a circuit court. Md.Ct. & Jud.Proc.Code Ann. § 12–301 (1984 Repl.Vol.). Prior attempts to determine whether a judgment is final have led to the general rule that in order to be appealable, a "judgment must be so final as to determine and conclude rights involved, or deny the appellant means of further prosecuting or defending his rights and interests in the subject matter of the proceeding." *U.S. Fire Ins. v. Schwartz,* 280 Md. 518, 521, 374 A.2d 896 (1977), quoted in *Cant v. Bartlett,* 292 Md. 611, 614, 440 A.2d 388 (1982).

■ Where a judgment is not so final as to either preclude a party from fully defending his interests in the pending law suit or conclude the question of liability, the judgment is considered interlocutory and normally nonappealable unless it falls within those exceptions specifically enumerated in Md.Cts. & Jud.Proc.Code Ann., § 12–303.[1]

■ Appellant's first issue on appeal challenges the trial court's decision to deny her motion for a protective order to

---

1. § 12–303.  Appeals from certain interlocutory orders.

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

(1) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order.

(2) An order granting or denying a motion to quash a writ of attachment.

(3) An order:

(i) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause.

(ii) Refusing to dissolve an injunction, but only if the appellant has first filed his answer in the cause.

(iii) Refusing to grant an injunction; and the right of appeal is not prejudiced by the filing of an answer to the bill of complaint or petition for an injunction on behalf of any opposing party, nor by the taking of depositions in reference to the allegations of the bill of complaint to be read on the hearing of the application for an injunction.

(iv) Appointing a receiver but only if the appellant has first filed his answer in the cause.

(v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court.

(vi) Determining a question of right between the parties and directing an account to be stated on the principle of such determination.

(vii) Requiring bond from a person to whom the distribution or delivery of property is directed, or withholding distribution or delivery and ordering the retention or accumulation of property by the fiduciary or its transfer to a trustee or receiver, or deferring the passage of the court's decree in an action under Maryland Rule V79.

(viii) Deciding any question in an insolvency proceeding brought under Title 15, Subtitle 1 of the Commercial Law Article.

prevent the appellees from taking her pre-trial deposition. As the order of the trial court permitting the taking of the pre-trial deposition is an interlocutory order not specifically mentioned in § 12–303 of the Courts article, the appeal of this issue was prematurely taken. *Faulk v. State's Attorney For Harford County,* 299 Md. 493, 509, 474 A.2d 880 (1984); *Price v. Orrison,* 261 Md. 8, 9, 273 A.2d 183 (1971); *Kardy v. Shook, J.,* 237 Md. 524, 534, 207 A.2d 83 (1965); *Alford v. Comm'r of Motor Vehicles,* 227 Md. 45, 47, 175 A.2d 23 (1961).

Appellant also contends that the lower court erred in denying her motion to dismiss and in compelling her to file an answer to appellees' bill of complaint. It is apparent that these orders neither finally determined the pending lawsuit nor restricted the appellant's ability to properly defend her rights and interests. Furthermore, Maryland Rule 1009 expressly provides that "[a]n appeal shall not be allowed from an order denying a motion to dismiss for failure to state a claim upon which relief can be granted, but the order shall be reviewable upon appeal from the final judgment."

The appellant claims that the trial judge's refusal to disqualify or recuse himself from the proceeding prejudiced her case. Certainly the trial judge's refusal to disqualify himself has in no way precluded the appellant from fully defending her interests or concluded the question of her liability and thus in this context is not a final judgment. *Cf. Peat & Company v. Los Angeles Rams,* 284 Md. 86, 91, 394 A.2d 801 (1978) (court's denial of motion to disqualify attorney was not a final judgment). Nor was this decision the type of interlocutory order from which a party may immediately enter an appeal.

---

(ix) Granting a petition to stay arbitration pursuant to § 3–208 of this article.

(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order.

Appellant challenges the propriety of the trial court's issuance of the *ex parte* injunction due to its failure to require appellees to post bond and its error in extending the injunction beyond its statutory time restraints. These rulings are clearly interlocutory for the reasons explained in the next paragraph. They are also moot because the *ex parte* injunction was supplanted by the interlocutory injunction.

■ Appellant also contends that the court erred in denying her motion to dissolve the *ex parte* injunction and in granting appellees' request for an interlocutory injunction. Although a party may enter an immediate appeal from an order of the circuit court denying a motion to dissolve an *ex parte* injunction or granting an interlocutory injunction, such an appeal is allowed only if the appellant has first filed an answer in the cause. Md.Cts. & Jud.Proc.Code Ann., § 12–303(3)(i) and (ii); *Martin v. United States, Tile and Composition Roofers, Damp and Waterproof Workers Association,* 189 Md. 383, 56 A.2d 28 (1947). The appellant has neither filed an answer to appellees' motions requesting the injunctions nor an answer to the bill of complaint.

■ From our review of the collateral rulings which were appealed on November 9th, we hold that those rulings are not included among the interlocutory orders statutorily allowed to be appealed prior to final judgment.[2] This returns us to the fundamental question of the effect of the November 9th appeal on the trial court's jurisdiction.

■ In *Stewart v. State,* 282 Md. 557, 573, 386 A.2d 1206 (1978), the Court of Appeals held that the "general rule is

---

2. Nor were those rulings appealable under the collateral order doctrine set forth in *Blanton v. Equitable Bank, Nat'l Ass'n,* 61 Md.App. 158, 485 A.2d 694 (1985). This doctrine, which is to be applied "only sparingly," requires that: (1) there must be an order that finally disposed of the appellant's claim; (2) the claim must be collateral and separable from the issue on the merits; and (3) the order must involve an important question of right that (4) would not be effectively reviewable on appeal after final judgment.

that the perfecting of an appeal brings the subject matter thereof within the exclusive jurisdiction of the appellate court and suspends the authority of the trial court over it during the pendency of the appeal; that the trial court lacks jurisdiction to take any further action in the case with respect to the subject matter of, or affecting, the proceeding until the receipt of the mandate of the appellate court after the appeal has been heard and decided." *See Lewis v. Lewis,* 290 Md. 175, 428 A.2d 454 (1981) (after party entered an appeal to the Court of Special Appeals, trial court lacked power to certify its order as a final judgment, *nunc pro tunc,* pursuant to Rule 605a); *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972) (where lower court lacked jurisdiction to enter an order *nunc pro tunc* for final judgment under Rule 605a (2–602) after an entry of the appeal); *Staggs v. Blue Cross of Md.,* 57 Md.App. 576, 471 A.2d 326 (1984) (circuit court's attempt to enter final judgment after appellants prematurely noted an appeal from the granting of a summary judgment was null and void as authority of the trial court to take further action was suspended during pendency of the appeal).

> The Court in *Stewart,* however, went on to hold that: [T]his general rule does not divest the trial court of jurisdiction to proceed with the trial of the case upon the filing of an order for appeal from a nonappealable, interlocutory pretrial order. Our decisions stating and applying the general rule in no way indicate that the trial court automatically loses jurisdiction to proceed with the trial of an accused simply upon the filing of an appeal from a pretrial ruling of the court, which, as here, was not immediately reviewable on appeal as constituting a final judgment.

*Stewart v. State,* 282 Md. at 573, 386 A.2d 1206.

The extent to which the circuit court retains jurisdiction to proceed with the trial after an appeal from an interlocutory order has been filed was thoroughly examined by the late Judge Powers on behalf of this court in *Smiley v.*

*Atkinson,* 12 Md.App. 543, 280 A.2d 277 (1971), *aff'd,* 265 Md. 129, 287 A.2d 770 (1972). We held in *Smiley* that the mere filing of an order for appeal from the denial of the defendant's discovery motion and his motion for continuance did not divest the lower court of jurisdiction. We further held that the rule pertaining to criminal cases stated in *Raimondi v. State,* 8 Md.App. 468, 261 A.2d 40 (1970), applied with equal force to civil cases. Judge Powers observed in his discussion as to the effect of an appeal from interlocutory orders:

The orders here denying appellant's motions were clearly within the discretion of the lower court, and any abuse of that discretion is reviewable on appeal from the final judgments. *See Barnes v. Lednum,* 197 Md. 398, 79 A.2d 520, where Judge Markell, for the Court of Appeals, said: "If every order granting or denying discovery is a final appealable order, it would seem that every ruling on evidence would be separately appealable." At page 405. True, the Court of Appeals entertained the appeal to the extent of dismissing it as not from an appealable order, but the power of the lower court to conduct further proceedings after the appeal was filed was not involved.

This Court has had occasion in two recent criminal cases to comment upon the precise question of whether a lower court loses jurisdiction to proceed with trial of a case by reason of the filing of an appeal from a nonappealable order. *Raimondi v. State,* 8 Md.App. 468, 261 A.2d 40, *Powers v. State,* 8 Md.App. 487, 261 A.2d 44. In *Raimondi,* Chief Judge Murphy, after reviewing authorities, said for the Court, at page 476 [261 A.2d 40]:

"But we find nothing in these cases requiring us to hold that the lower court automatically loses jurisdiction to proceed with the trial of an accused simply upon the filing of an appeal from a pretrial ruling of the court which, under the cases, is recognized as an interlocutory order, not immediately reviewable on appeal as constituting a final judgment.... To hold otherwise would be to sanction that which the court in *Lee v.*

*State* [161 Md. 430, 157 A. 723] *supra,* deemed so distinctly odious—the stopping of criminal trials by filing appeals from interlocutory orders. If the accused in a criminal case could deprive the trial judge of jurisdiction to try and determine his case by taking an appeal from a nonappealable interlocutory order, then he would be vested with the power to 'paralyze the administration of justice in the [courts] by the simple expedient of doing what the law does not allow him to do, *i.e.,* taking an appeal from an order which is not appealable.'
* * * We hold then that in such circumstances the lower court is not, by reason of the filing of an appeal, divested of jurisdiction and need not stay further proceedings in the case."

Should a broader expression be required, we specifically hold that the rule we stated in *Raimondi* applies with equal force to civil cases. To apply any other rule would be utterly unthinkable. Any party would then be able, at any time before final judgment, to bring the trial of a case to an abrupt halt by merely filing an order for appeal from any ruling of the court. Control of the judicial process would thus pass from the courts to the parties and their counsel. Mistrials and continuances would be available without limitation at the whim of any party. The trial court must have, and does have, the power to determine whether its jurisdiction to proceed has been ousted. Should any abuse of that power ever arise, such abuse could undoubtedly be corrected by prompt appellate action.

In the case *sub judice,* we hold that as nonappealable interlocutory orders were appealed to this court, the circuit court was not divested of its jurisdiction to proceed with the trial of the case and resolve the issues before it.

II. *Consideration of Appeal Filed on December 17, 1984.*

■ This subsequent appeal filed by the appellant on December 17, 1984, was from orders imposing sanctions for

her failure to appear at a deposition which had been ordered by the court; dismissal of appellant's counterclaim; order setting costs; and the grant of appellees' motion to enter an order of default.

The docket reflects that judgment was entered on the order of costs and that the appellant's counterclaim was dismissed as a sanction for her wanton failure to appear at the deposition in accordance with the court's order. As such, these judgments were final and would appear to be appealable.[3] In light of the fact, however, that the court had, pursuant to the procedure outlined in Maryland Rule 2–613, merely ordered the entry of an Order of Default (Rule 2–613(a)) rather than an Entry of Judgment (Rule 2–613(e)), the appellees' claims have not been finally adjudicated. Therefore, the entire matter lacked finality of judgment. *See Felger v. Nichols*, 30 Md.App. 278, 352 A.2d 330 (1976).

Maryland Rule 2–602 provides, when more than one claim for relief is presented in an action, that unless the court expressly determines there is no just reason for delay and expressly directs the entry of final judgment,

> any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and is subject to revision at any time before the entry of the judgment that adjudicates all the claims and the rights and liabilities of all the parties.

As the appellant failed to obtain court authorization under Maryland Rule 2–602 to file piecemeal appeals on those judgments in this multiple claim matter, this court lacks jurisdiction to review final orders as to the dismissal of the counterclaim and judgment for costs. Therefore, we hold that as the appeal on December 17, 1984, was filed prior to

---

**3.** Md.Rule 1–202(m) defines "judgment" as "any order of court final in its nature."

the entry of final judgment as to all claims, the appeal must be dismissed.

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANT.