**UNITED ACCOUNTS, INC.,**
**Plaintiff and Appellee,**

Northport–Manchester Association, Vern Kepler, Kepler Company, Plaintiffs,

v.

**TELADVANTAGE, INC., Defendant**
**and Appellant.**

**Civ. Nos. 920235, 920317.**

Supreme Court of North Dakota.

April 27, 1993.

William C. Severin (argued), of Severin & Ringsak, Bismarck, for plaintiff and appellee.

Martin E. O'Connor, Fargo, for defendant and appellant Teladvantage, Inc.

LEVINE, Justice.

Teladvantage, Inc., appeals from a county court order transferring to district court

a collection action brought by United Accounts, Inc. [United]. Teladvantage also appeals from the district court's summary judgment awarding United $500 plus interest. We dismiss the appeal from the county court order and affirm the summary judgment.

In February 1991, Teladvantage, through its president and sole shareholder, Martin O'Connor, rented office space in Fargo from Northport–Manchester Association [Association]. O'Connor and the Association's agent, Vern Keppler, entered into an oral, month-to-month lease with rent payable at $250 per month. Teladvantage took possession and made the rental payments for February, March and April 1991. O'Connor claims that on March 31, 1991, he verbally informed Kepler that Teladvantage would be vacating the premises by the end of April, but no written notice of termination of the lease was given by Teladvantage. Teladvantage subsequently vacated the premises. The Association assigned its claim against Teladvantage for two months of rental arrearages to United in April 1992.

In May 1992, United commenced this action against Teladvantage in district court by serving a summons and complaint upon O'Connor. Apparently, O'Connor erased the caption "IN DISTRICT COURT" from the summons and complaint, typed "IN COUNTY COURT" in its place, and filed the documents in county court. Teladvantage then filed a motion to dismiss the action in county court. The county court ordered that "the case should be properly venued in District Court … as that is where the plaintiff commenced the action. The Clerk of County Court will transfer this action to District Court." Teladvantage filed a notice of appeal from the county court's order.

United then moved for summary judgment in district court. Teladvantage filed no answer to United's complaint, but presented briefs, interrogatories and affidavits to the court. At the hearing on the motion for summary judgment, O'Connor appeared on behalf of Teladvantage and objected to the district court's jurisdiction to hold the hearing because "[t]he case has been appealed to the Supreme Court." The district court noted the objection and held the hearing on the merits of United's summary judgment motion. The district court concluded that there were no genuine issues of material fact and granted summary judgment in favor of United, awarding it $500 plus interest. Teladvantage then appealed from the summary judgment.

■ Teladvantage[1] asserts that the county court erred in ordering a "change of venue" of this action from county to district court. We reject this contention.

■ In North Dakota, a civil action is commenced by the service of a summons. NDRCivP 3. Once a summons is served in the manner prescribed by law, the court acquires personal jurisdiction and subject matter jurisdiction if the case is within the court's subject matter jurisdiction provided by law. *James River Nat'l Bank v. Haas,* 73 N.D. 374, 15 N.W.2d 442, 451 (1944) [construing predecessor statute upon which rule is based]; *Al G. Barnes Amusement Co. v. District Court,* 66 N.D. 727, 268 N.W. 897, 899 (1936) [same]; *Johnson v. Engelhard,* 45 N.D. 11, 176 N.W. 134, 135 (1919) [same]. The actual filing of the summons or complaint with the court does

---

1. One troubling aspect of this case is that Teladvantage has been represented throughout these proceedings by O'Connor, its president and sole shareholder. O'Connor is not a licensed attorney. Generally, because a corporation is considered an artificial entity that can act only through agents, it cannot appear pro se, and must be represented by counsel in court proceedings. *See, e.g., Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986); *Jones v. Niagara Frontier Transp. Authority,* 722 F.2d 20, 22 (2nd Cir.1983); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 476 (N.D.Tex.1975), *aff'd sub nom Taylor v. Montgomery,* 539 F.2d 715 (7th Cir.1976); Annot., *Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who is Not Attorney,* 19 A.L.R.3d 1073 (1968), and cases collected therein; 9A *Fletcher Cyc Corp* § 4463, at p. 44 (Perm. ed. 1992), and cases collected therein. *See also* NDCC § 27–11–01.

Because United has not briefed this issue as an issue on appeal, we decline to explore whether Teladvantage defaulted by not making an appearance in this action.

not invoke the court's jurisdiction over the action. *Schaff v. Kennelly*, 61 N.W.2d 538, 543 (N.D.1953). *See also, Binek v. Ziebarth*, 456 N.W.2d 515, 517 n. 2 (N.D. 1990); *Anderson v. Anderson*, 449 N.W.2d 799, 802 (N.D.1989); *Coman v. Williams*, 78 N.D. 560, 50 N.W.2d 494, 497 (1951) [construing predecessor statute]. Therefore, a valid service of process confers jurisdiction upon a court in this state even though the court has no record of the case. *See Hornung v. Master Tank & Welding Company*, 151 F.Supp. 169, 172 (D.N.D. 1957); C. Crum, *The Proposed North Dakota Rules of Civil Procedure*, 32 N.D.L.Rev. 88, 98–99 (1956).

 It is undisputed that Teladvantage was properly served with a summons and complaint stating that the action was commenced in district court. This service gave the district court personal and subject matter jurisdiction to hear United's collection action. *See* Article VI, Section 8 of the North Dakota Constitution; NDCC § 27–05–06. O'Connor's alteration of the caption in the summons and complaint and subsequent filing of the documents in county court did not divest the district court of the jurisdiction it obtained over the action when the documents were validly served on Teladvantage. The county court's order was merely a ministerial response to an unauthorized and meaningless act on the part of Teladvantage. The county judge simply ordered the pleadings to be filed in the court where United commenced its action. Teladvantage had no authority to alter those pleadings and the county court had no choice but to return the case to district court. We conclude that Teladvantage's attempted appeal from the county court's order is frivolous. Accordingly, we dismiss it.

Teladvantage asserts that the district court had no jurisdiction to enter summary judgment in this case, because Teladvantage's notice of appeal from the county court's order transferring the case to district court precluded the district court from acting further on the matter. Under the circumstances, we disagree.

We have held that the jurisdiction of this court attaches upon the filing of a notice of appeal, and the trial court ordinarily has no further jurisdiction in the matter. *See, e.g., Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 48–49 (N.D.1988); *Buzzell v. Libi*, 340 N.W.2d 36, 42 (N.D. 1983); *Schmidt v. Schmidt*, 325 N.W.2d 230, 233 (N.D.1982); *Harwood v. Harwood*, 283 N.W.2d 144, 145 (N.D.1979); *Orwick v. Orwick*, 152 N.W.2d 95, 96 (N.D.1967); *Bryan v. Miller*, 73 N.D. 487, 16 N.W.2d 275, 281 (1944). Although this general rule appears to be universally accepted in other jurisdictions, several courts have created an exception to hold that if an order appealed from is ultimately determined not to be final and appealable, a notice of appeal neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to review the appealed order. *See, e.g., Yaeger v. Vance*, 20 Ariz.App. 399, 513 P.2d 688, 690 (1973); *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080, 1082 (Ct.App.1984); *Welch v. City of Evanston*, 181 Ill.App.3d 49, 129 Ill.Dec. 816, 820–821, 536 N.E.2d 866, 870–871 (1989); *Breuer v. Flynn*, 64 Md.App. 409, 496 A.2d 695, 699–700 (1985); *Spaeth v. City of Plymouth*, 344 N.W.2d 815, 825–826 (Minn.1984); *State v. District Court*, 128 Mont. 538, 279 P.2d 691, 694 (1955); *Berger v. Berger*, 67 N.C.App. 591, 313 S.E.2d 825, 829 (1984); *Venable v. Venable*, 3 Ohio App.3d 421, 445 N.E.2d 1125, 1132 (1981); and *Dibble v. Schade*, 417 S.E.2d 104, 107 (S.C.App.1992). These courts reason that a contrary rule would tie the hands of a court by allowing a party to delay proceedings by attempting to appeal from every adverse ruling made prior to the entry of a final appealable order or judgment. *See Breuer v. Flynn, supra; State v. District Court, supra.* The Montana Supreme Court said in *State v. District Court, supra:*

"[O]nly if it may be said in a given case that it is fairly debatable whether an order is appealable, is the final decision to be made here. The lower court then should wait for this Court to rule. Otherwise it should not stand by."

■ In this case, we need not determine whether to adopt the exception endorsed by these courts, which essentially allows a trial court to proceed at its own peril after a notice of appeal has been filed. Rather, we conclude that where, as here, a notice of appeal is filed which is patently frivolous on its face, the trial court does not lose jurisdiction to proceed in the matter.

Our conclusion on this issue has been presaged by recent decisions of this court involving an analogous situation. In *Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451 (N.D.1992), we addressed whether a state court automatically loses jurisdiction to proceed with a case after a petition has been filed to remove the case to federal court under 28 U.S.C. § 1446. In *Rub, supra*, 481 N.W.2d at 456, we recognized that there "is all but unanimity on the proposition ... that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable," but we adopted a limited exception to that rule. We held that in cases involving multiple filings of removal petitions, a state court retains jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same grounds as a previously denied removal petition. *Rub, supra*, 481 N.W.2d at 457.

In *Farm Credit Bank of St. Paul v. Ziebarth*, 485 N.W.2d 788, 791 (N.D.), *cert. denied*, — U.S. —, 113 S.Ct. 501, 121 L.Ed.2d 437 (1992), we expanded *Rub* and held that a state court retains jurisdiction to proceed not only if the same grounds are asserted in successive removal petitions, but also if any additional ground asserted in the petition "is insufficient on its face to raise even a colorable claim of diversity jurisdiction." The same concerns which prompted our holdings in *Rub* and *Ziebarth*—reducing the burden on judicial resources when attempted removals are frivolous, doubtful, in bad faith, or otherwise improper—are present when a frivolous notice of appeal is filed in a pending action.

■ Under the circumstances of this case, we conclude that the trial court did not lose jurisdiction to proceed in the matter when Teladvantage filed the frivolous appeal from the county court's action. Therefore, we further conclude that the district court had jurisdiction to hear and rule on United's motion for summary judgment.

■ Teladvantage asserts that the trial court erred in granting United's motion for summary judgment. Summary judgment is appropriate when, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences which can reasonably be drawn from undisputed facts, or when the only issues to be resolved are questions of law. *Sime v. Tvenge Assoc. Architects*, 488 N.W.2d 606, 608 (N.D.1992).

Teladvantage asserts that no written notice to terminate was required in this case because the lease was oral, rather than written. However, NDCC § 47–16–15 provides:

> "*47–16–15. Notice of termination of lease.* A hiring of real property for a term not specified by the parties is deemed to be renewed as stated in section 47–16–06 at the end of the term implied by law, unless one of the parties gives notice to the other of an intention to terminate the lease, at least as long before the expiration of the lease as the term of the hiring itself, not exceeding thirty days. *In tenancies from month to month, and unless the parties have otherwise agreed in writing to a longer notice period or a different notice time, either party may terminate the tenancy by giving at least thirty days' written notice at any time.* The rent is due and payable to and including the date of termination. If a landlord changes the terms of the lease pursuant to section 47–16–07, the tenant may terminate the lease at the end of the month by giving at least twenty-five days' notice." [Emphasis added].

■ Teladvantage contends that because the statute states that a party "may" terminate a month-to-month tenancy by giving 30 days' written notice, written no-

**120**

tice is merely optional and oral notice may satisfy the statutory directive. We are unpersuaded that the statute is ambiguous in this respect. Use of the word, "may," refers not to whether notice must be in writing, but to whether a party terminates the lease. Teladvantage's construction, employing the term, "shall," would create an unreasonable statutory mandate that leases be terminated.

■ The requirement of "written" notice was added in 1985. The legislature intended to require written notice if there is termination of a lease in order to eliminate confusion. *See* Minutes of the House Industry, Business and Labor Committee on House Bill 1157, January 16, 1985. Because it is undisputed that Teladvantage did not give written notice to terminate, we conclude that the trial court did not err in granting United's motion for summary judgment.

■ United seeks costs and attorney fees from Teladvantage, asserting that the appeals are frivolous. Because Teladvantage did raise a colorable issue on the merits of the summary judgment, we conclude that the appeal is not frivolous and deny the request. *See, e.g., Adolph Rub Trust v. Rub,* 474 N.W.2d 73, 77 (N.D.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1276, 117 L.Ed.2d 502 (1992).

We have considered the other arguments of the parties and they do not affect our decision.

The appeal from the county court's order is dismissed and the district court's summary judgment is affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.